Jossey and Wife vs. White et al.

28   265
119  763

## JOSSEY AND WIFE vs. WHITE et al.

"I give to my daughter, Lucinda Mildred Brown, the following property, to-wit: Jack, &c. All the above property I give to my daughter Lucinda Mildred Brown, for her own separate support and for the support of her and her family; and the property nor its increase to be made subject to the debts of no person she may marry, it nor its proceeds, but to go wholly to her support, her and her children and-family. The above property I give to my daughter Lucinda M. Brown, for her own benefit and separate support, it and its increase, for her and her children and family, and at her death it and its increase to go to her children and be equally divided between them, and the above property, it nor its increase nor its proceeds, is not to be made subject to the debts of no person that she may marry; and if she should die and leave children, and they should not be raised, and they should die, then and in that case, it is my will that all the above property that I have given my daughter be put together and the man she should marry have one-third of it and its increase, and the other two-thirds be equally divided between all my grandchildren, &c." *Held*, That Lucinda Mildred Brown, (Mrs. Jossey,) took an estate for life only in the property bequeathed to her by Reuben Brown, her father.

In Equity, from Monroe county. Decision on demurrer, by Judge CABANISS, at February Term, 1859,

This was a bill in equity, filed by John H. Jossey and wife, against the remaindermen under the last will and testament of Reuben Brown, deceased, the father of Mrs. Josey, for direction and instruction as to the following clause of said will, to-wit:

"Also I give to my daughter Lucinda Mildred Brown, the following property, to-wit: Jack, a man 28 years old, and his wife Ally, 23 years old, and her three children, Richmond, 6 years old; Doctor, 4 years old, and Polk, 8 months old; Miles, a man 28 years old and his wife Betty, 25 years old, and her two children, Smitha, 2 years old, and Robert, 8 months old; and Henry, 18 years old; Hannah, a girl five years old; Abbey, 15 years old; Squire, 28 years old; July, 15 years old; Harriett, my cook woman, 27 years old, and her three children; Caroline, 12 years old; John, 6 years old, and Nancy, 8 months old; Melissa, 16 years old; John, 6 years old; Charles, 2 years old; Louisa, 15 years old; Frances, 10 years old; Major, 14 years old; Nat, 16 years old; Martha, 8 years old; Dave, a man 26 years old, and his wife, 22 years old, and her two children, Sarah, 3 years old, and William, 8 months old; Drury, 16 years old; my old man Jim, 65 years old; she is not to pay anything for him, but clothe him well and feed him; Rowany, 3 years old : 32 in all. Also I give her her piano, and she is not to pay anything for it. Also I give her one good bed and furniture and stead worth seventy-five dollars; also, she has a bed and furniture of her own that her cousin gave her, and what quilts she shall make while living with me, she is not to be charged with them. Also I give her six first choice mules and six pair of plough gear and six ploughs and stocks, my best wagon and a full set of wagon gear, stretchers and fifth chain; forty head of hogs of equal sexes; six cows and calves and all my sheep. Also, I give to my daughter, Lucinda M. Brown, the following

lots of land: My plantation that I now live on with all its improvements; gin and running gear and gin-house, and wheat-thrasher and wheat-fan, and a lot of land called the Franklin land, joining John B. Ogiltree's land and McDavis' land; also lot of land known as No. 8, joining John B. Ogiltree and Joseph Hill's land, all in the sixth district of Monroe county, six hundred and seven acres, more or less.

"All the above property I give to my daughter Lucinda Mildred Brown, for her own separate support and the support of her and her family, and the property nor its increase is to be made subject to the debts of no person she may marry, it nor the proceeds, but to go wholly to her support, her and her children and family; the above property I give to my daughter Lucinda M. Brown, for her own benefit and separate support, it and its increase, for her and her children and family, and at her death, it and its increase, to go to her children, and be equally divided between them, and the above property, it nor its increase nor proceeds is not to be made subject to the debts of no person which she may marry; and if she should die, and leave children, and they should not be raised, and they should die, then, in that case, it is my will that all the property that I have given to my said daughter be put together, and the man she should marry have one-third of it and its increase, and the other two-thirds be equally divided between all my grand-children, and the property and money that my drughter shall receive of my estate is to go in the way that I have left the above, and having the utmost confidence in my three worthy friends, Z. E. Harman, and John H. Thomas, and Nathan Phillips, I do constitute them as my lawful trustees to the property that I have bequeathed to my daughter Lucinda M. Brown, and to her children, and to see her and her property justice done, and at all times she is to have a plenty of pocket money, enough to travel on,

and she is to be dressed well out of the proceeds of the property I have left her, and my trustees is to be the judge of her pocket money and dressing, and her property is not to be carried out of the reach of my trustees except they are made safe, that the above property shall go to her and her children, and if my trustees is put to any trouble in seeing to said property, or expense, I give them full power to hire out said property and pay themselves for the trouble they have been at, and what money they have paid away in seeing her and her property justice done; and if any of the servants should act in such a way as my trustees think it is best to sell them, and my daughter's interest, I give them full power to sell, and take the money arising from the same and buy one and put it in the place of the one sold; and at my departure I wish for my trustees to take charge of the property that I have bequeathed to my daughter Lucinda M. Brown, and manage it in the best way that they in their judgment may think will be to her interest and welfare, and her children."

The bill was dated 9 January, 1850, and testator died during the same year. John H. Jossey, the complainant, intermarried with Lucinda M. Brown, 12 February, 1850, and they have had no children, and the bill alleges that there is no probability that Mrs. Jossey will ever have any child or children, and counsel for complainants submit, first, that under said will an estate tail is created in Lucinda M. Brown, now Mrs. Jossey, and under the act of 1821, the same became an estate in fee and rests absolutely in her ; or, second, that the limitations over are too remote and void. Third, that the contingency upon which the limitation over is to happen, viz : The death of Mrs. Jossey, leaving children who die before they are raised, can never happen if Mrs. Jossey never has a child, and therefore said limitation can never take effect.

Defendants demurred to this bill on the following grounds :

Jossey and Wife vs. White et al.

1. That the property and its increase, given to Lucinda M. Jossey, is not devised and bequeathed to her absolutely and in fee simple, nor is it subject to her power and disposition, but is vested in her trustees, for the purposes specified in the bequests to her.

2. That the estate of said Lucinda M. in said property is a qualified and limited estate for her separate use and benefit, and the use and benefit of her children and family during her life.

3. That after the said qualified and limited estate for life, shall terminate by her death, said property and its increase is given by said will to the children of said Lucinda M. on condition, that her child or children shall be raised or come to years of maturity.

4. That in the event said Lucinda M. shall die, leaving no child, or if she should die leaving a child or children, who should not be raised to years of maturity, then, upon the happening of either of said contingencies, after the death of said Lucinda, the fee simple in and to said property rests, one-third in her husband surviving her, and two-thirds in the grand-children of the testator.

The court sustained the demurrer and dismissed the bill, and complainants excepted.

PEEPLES & CABANISS, and STEPHENS, and HALL, for plaintiffs in error.

TRIPPE, and GIBSON, contra.

*By the Court.*—LUMPKIN, J., delivering the opinion.

A very short time need elapse to bring about a very great change in the destination of the property disposed of by the will of Reuben Brown. For not only is there a possibility of issue by the present husband of his daughter, Lucinda M.; but should Jossey die and the widow

intermarry, the possibility would be increased almost to a probability, that she might have offspring by another husband. I refer to the well authenticated physiological fact that a *feme covert*, who remained for years barren, during her first marriage, was delivered of twins in nine months from the date of her second. This has occurred twice in this State within my own knowledge ; and should the child or children by the present or any future husband be "*raised*," all the questions but one which are involved in this record, would be settled without the judgment of this or of any other court.

The only exception we propose to consider and decide in this case is, what estate did Mrs. Jossey take under the will of her father ? And we answer confindently, a life estate only, and nothing more. The rule in Wild's case is not applicable to this. The first resolution in that case was, that when lands are devised to a person and his children, and he has no children at the time of the devise, the parent takes an estate tail. And the reason assigned for this doctrine is, that children or immediate devisees, cannot take, because they are not *in esse*; and by way of remainder, they cannot take, for that was not the devisor's intent, for the gift to the children was immediate. Therefore, such words shall be taken as words of limitation.

With the reason of this or any other technical lore connected with this branch of the law, I have nothing to do. Thank God, it no longer cumbers our statute book. Under our late act, it will soon be buried, with the numerous other follies and fossil remains of a by-gone age.

But the second resolution in Wild's case does cover and control this. It is, that if a man devise lands to husband and wife, and after their decease to the children, in this case, although they have not any child at the time, yet any child which they have after, may take by way of remainder. For his intent appears that the children should not take immediately, but after the decease of the parents.

Taking the two resolutions then together, they amount to this : A devise to one and his children when he has no children, conveys an estate tail.  But a devise for life with remainder to children, is good, and will rest in such child or children as may be born afterwards.

All the interest the children of Lucinda M. take in the life time of their mother, is a support out of the property of her separate estate.  There is no immediate gift to them of the property.  At the death of their mother it goes to them absolutely, subject to be divested if they should die without having attained to *maturity*.  The fee then does not rest in Mrs. Jossey, under the rule in Wild's case, by virtue of the act of 1821.

But it is insisted that the limitations over, creates a perpetuity, and is therefore, void.

That will depend upon the answer to the question—must the contingency upon which this estate is limited to the child or children of the daughter, happen, if it happen at all, within the compass of a life or lives in being at the death of Reuben Brown, the testator; and twenty-one years and the fraction of a year afterwards?  If so, the limitation over is good, by way of executory devise.

The contingency upon which this estate must take effect, is Lucinda M. Brown, (Mrs. Jossey,) leaving children at her death who may die and not be *raised*.  This event must necessarily happen, if it happen at all, within the time above specified.  Whether she should leave child or children who should be raised or die and not be raised, the fact will be ascertained beyond all doubt within twenty-one years and nine months after the death of the mother.  The property must vest absolutely before that time, and become alienable and descendible ; or it will be fixed and settled, that if the child or children if any are dead before being raised, or coming to maturity, and the estate will go over.

This bequest, therefore, is not subject to the rule against perpetuities; and the life estate of Lucinda M. is not enlarged to a fee, under this aspect of the will.

The heirs at law not being parties to the bill, we decline expressing any opinion as between them and the husband and grand-children. We are fully prepared to do so, under the able and lucid argument which has been submitted in this case. The thorough investigation of the doctrines involved in this discussion, is highly creditable to the counsel, and of incalculable benefit to the court, in enabling it to come to clear and satisfactory conclusions.