# Supreme Court of the State of Georgia,

## AT ATLANTA,

# JULY TERM, 1872.

46   9
118  481

PRESENT—HIRAM WARNER, CHIEF JUSTICE.
H. K. McCAY, } JUDGES.
W. W. MONTGOMERY,

JOHN DOE, *ex dem.* of JAMES U. HORNE, *et al.*, plaintiff in error, *vs.* RICHARD ROE, casual ejector, and J. POLK HOWELL, tenant in possession, defendants in error.

1. Where a tenant in common conveys the whole lot to a third person, and the grantee took possession, claiming the entire lot as his own, this action constitutes a disseizin and ouster of the other tenants in common, and they are barred from asserting their right to such property after the expiration of seven years. (R.)
2. Where a prescriptive title is set up in defense to an action of ejectment, it is competent for the defendant to show the good faith with which he purchased. (R.)

Ejectment. Tenants in common. Adverse possession. Before Judge PARROTT. Whitfield Superior Court, April Term, 1872.

VOL. XLVI. 2.

The demises laid in plaintiff's declaration were as follows, to-wit: 1st, of Robert S. Denham and his wife Sarah, to lot one hundred and twenty-nine, eleventh district, third section; 2d, of William D. Bevil and his wife Catherine Bevil, to the same lot; 3d, of James U. Horne to the same lot; 4th, of James U. Horne to the undivided two-thirds part of the same lot. The defendant pleaded the general issue and the statute of limitations. The jury returned a verdict for the defendants. Plaintiff moved for a new trial upon several grounds. The motion was overruled, and plaintiff excepted and assigns said ruling as error.

All the facts necessary to a clear understanding of the case are fully set forth in the decision of the Court.

McCutchen & Shumate, by brief, for plaintiff in error. Rights of tenant in common: Code sec. 2275, sec. 2276 ; Adverse possession against cotenant: Code, sec. 2277 ; Seizin of one tenant is the seizin of other : 2d Greenleaf's Ev., sec. 14 ; Kent's Coms., vol. iv., sec. 64 ; Code, sec. 2277 ; Greenleaf's Cruise on Real Property : vol. ii., sec. 15; Adams on Ej't, 136; Tyler on Ej't, 477 ; What is Actual Ouster ? 3d Black. Coms., 167, 170.

Johnson & McCamy ; D. A. Walker, by brief, for defendants. Possession of one tenant in common is the possession of other, when ? 1st Cowp. R., 217 ; 1st Hill on Real Property, 588 ; 3d Pet. R., 51 ; 1st Conn. R., 364; 5th Day's R., 188 ; 3d Metc. R., 91 ; 4th Mason's R., 330; 9th Cowen's R., 550 ; 7th Wheat R., 120; Wash. on Real Property, 567 ; 4th Paige Ch. R., 178; 10th Pick. R., 160; 13th Maine R., 337 ; 2d Taylor, 259 ; 8th B. Monroe's R., 352 ; 13th J. R., 406 ; 3d How. R., 689; 4th Dev. & Bat. R., 54; 15th Vermont R., 552 ; Ang. on Lim., sec. 403 ; Taylor on Ej., 926 ; 1st Wash. on Real Property, 567 ; 2d Black. Coms., 194 ; 5th Pet. R., 402.

Horne *vs.* Howell.

WARNER Chief Justice.

This was an action of ejectment brought by the plaintiffs against the defendant, to recover possession of a lot of land in Whitfield county. The jury, on the trial of the case, under the charge of the Court, found a verdict for the defendant. A motion was made for a new trial, which was overruled, and the plaintiffs excepted. The evidence, as contained in the record, is, in substance, as follows:

The lot of land was granted by the State to the minors of Joseph Barnes, Emily, Caroline and Sarah. Emily married Andrew J. Denham, Caroline married William D. Bevil, and Sarah married Robert S. Denham. Robert S. Denham and William D. Bevil conveyed the lot to Owen H. Kenon by deed, executed 25th November, 1845, recorded 12th October, 1855. Kenon conveyed said lot to James U. Horne, 18th November, 1850—deed recorded 12th October, 1855. It was admitted on the trial that the said lot lies in Whitfield county, that defendant was in possession at the beginning of the suit, and that Horne, before commencement of the action, demanded to be let into possession, with J. P. Howell, as tenant in common of the premises in dispute, which was refused by Howell; that similar demand was made by Horne on Evan S. Howell, father of defendant. It was also admitted on the trial, that plaintiff had commenced a *previous* action of ejectment against defendant for recovery of the whole of the lot in dispute, on same demises, in the Superior Court of Whitfield county on 2d October, 1868, in which action defendant had been duly served, and that on 6th September, 1869, plaintiff paid costs on said first action, and had it dismissed regularly, and within six months thereafter commenced this action. The above are the material facts upon which plaintiff relied.

The following facts were proved by defendant: Andrew J. Denham and Emily J. Denham, his wife, conveyed the whole of the lot in dispute to John W. Beck, by deed executed

March 10th, 1856—recorded June 24th, 1856. Beck conveyed an undivided half interest of said lot to William Mills by deed executed 3d September, 1861—recorded 9th September, 1861. Beck also conveyed the undivided half interest in said lot to Evan S. Howell by deed executed 3d September, 1861—recorded 9th September, 1861. Mills conveyed to Evan S. Howell his half interest in said lot by deed executed 11th June, 1862, and recorded 2d July, 1862. It was admitted that Fleming Payne became tenant of Beck on said land 9th April, 1857. The Court permitted E. S. Howell to testify on the stand, (over the objection of plaintiff's counsel,) that "he and Mills, in the summer of 1860, bought the land from Beck and paid a portion of the purchase price in money and gave note for the balance." Howell testified that he and Mills went into possession in fall of 1860. Beck's tenant attorned to them; they and their tenant's kept possession thenceforward till January, 1864; when they left, they got one Wilson to get one Haddock to take possession. Howell returned in the fall of 1865 and found Haddock in possession. Howell says he never heard Beck's title questioned. John Wilson testified that Beck put Payne on the land in 1857, and that the land has been continuously occupied since ; he got Haddock to go on it in 1864; Haddock stayed until Howell's sons took possession. Whitefield testified that he was present when A. J. Denham sold to Beck; Denham said he had good title—one interest in right of his wife and two interests by purchase from R. S. Denham and Bevil—and could make good title. This conversation was had the day before the trade was actually made. This witness says, in said conversation something was said about the claim of one "Holcomb" or "Holkins" to the land, and that said claimant had been shipwrecked. Beck testified that he bought the whole of the lot from A. J. Denham in good faith, Denham representing that he had title thereto ; that he put Payne in possession of the lot as tenant in the latter part of March, 1857 ; had held by his tenants continuously up to the date of sale to Howell.

Horne *vs.* Howell.

Plaintiff produced rebuttal testimony of A. J. Denham, that he married one of said minors; owned but one undivided third of said land; sold that to Beck; told Beck who owned the other two-thirds; Beck wrote the deed; represented to him that he required a deed to the whole lot in order to get possession; confided to Beck as to the kind of deed he should make; is very positive that he told Beck repeatedly that he could not sell him but one-third, and allowed Beck to write such deed as he (Beck) thought necessary, that he and Beck also talked of the adverse claim of one "Holcomb" or "Holkins."

The plaintiffs claim the right to recover in this case as tenants in common, and the main question made on the argument before this Court, was whether the defendant, under the facts of the case, held the possession of the land *adversely* as against the plaintiffs, who claim to be tenants in common with him, so as to be protected in his possession by prescription under the statute, which was pleaded as a defense to the plaintiff's action. The defendant claims the right to the seven years' possession of the land under color of title derived from Beck, and the question is, whether Beck's title and possession of the land under it, and those claiming under him, was adverse to the other tenants in common? Denham and his wife Emily, one of the tenants in common, conveyed the whole lot to Beck in 1856, and he entered into the possession of it under that deed, or held possession of it by his tenant, which deed was duly recorded. This act of Denham and wife, one of the tenants in common, conveying the whole lot to Beck, who took possession of it, claiming the entire lot as his own, was a disseizin and ouster of the other tenants in common, and Beck, and those claiming under him, by deed to the whole lot, held the possession thereof adversely to the other tenants in common, and if they failed to assert their right to recover the same until the expiration of seven years, they were barred. There can be no doubt that one tenant in common may disseize and oust another tenant in common,

and it is a general rule that when one enters into the possession of land under a deed duly recorded, as in this case, claiming title to the whole tract specified in the deed, and exercises the usual acts of ownership over it, such possession is adverse to all persons who claim title to the same land, although such persons may have been tenants in common. The possession under a title and claim to the *whole lot,* is hostile to, and adverse to the title and claim of those who claim a *part thereof* as tenants in common. The evidence of Howell, which was objected to, was properly admitted to show that the purchase of the land from Beck was made in good faith, as it tended to sustain the defense relied on by the defendant. In view of the facts contained in the record, there was no error in overruling the motion for a new trial.

Let the judgment of the Court below be affirmed.