ALICE D. BLAIR and others v. E. A. OSBORNE and others.

_Construction of deed—Estate for life in Joint-tenancy._

1. The _habendum_ in a deed shall never introduce one who is a stranger to the premises to take as grantee, but he may take by way of remainder; _Therefore_, a deed which in the premises gives a life estate to the mother grantee alone, and in the _habendum_ to her and her children, operates to convey an estate for life to the mother, and an estate for life in joint-tenancy in remainder to her children.

2. The act of 1784, which converted joint-tenancies into estates in common, has reference only to estates of inheritance. (See following case.)

(_Powell_ v. _Allen_, 75 N. C., 450, cited and approved.)

SPECIAL PROCEEDING for partition of land commenced before the probate court and heard at Fall Term, 1880, of MECKLENBURG Superior Court, before *Seymour, J.*

The defendants made the defence of "sole seizin" and thereupon the case was transferred to the superior court where several issues were submitted to the jury, all of which were found in favor of the plaintiffs, the court reserving the question as to the effect of the deed from Margaret Blair to Araminta Blair (mother of plaintiffs), which deed is as follows: "This indenture made this 21st day of November, 1863, between Margaret Blair of the one part and Araminta Blair of the other part (both of Mecklenburg, &c.,) witnesseth, that said party of the first part for and in consideration of natural love; and further, said party of the second [first] part hath given, granted and doth hereby give, grant and convey to the party of the second part, all that lot or parcel of land lying in the town of Charlotte and county of Mecklenburg (describing the property) to have and to hold the same with the appurtenances thereto belonging to Araminta Blair, the party of the second part, to her and the children begotten upon her body by S. M. Blair, forever," * * *. Both parties claimed the land (to divide which the petition was filed) under Samuel Blair the father of plaintiffs.

Plaintiffs offered the register's books of the county to show that Margaret had conveyed to plaintiffs in May, 1863, as appeared from the registry. Defendants objected to the introduction of the registry on the ground that only the original or a certified copy from the register's record was competent. The objection was overruled and defendants excepted.

Plaintiffs offered evidence to show that they were children of Araminta Blair begotten on her body by S. M. Blair; that they were in existence when the said deed from Margaret was executed, and are still infants.

Defendants offered in evidence a deed from S. M. Blair and Araminta to one J. Y. Bryce, and a mortgage from Bryce to defendant, Bodfish, and a deed from Bodfish to defendant, E. A. Osborne as the assignee of the bank of Mecklenburg.

Upon the finding of the jury, His Honor on the point of law reserved being of opinion with plaintiffs gave judgment in their favor, from which the defendants appealed.

*Messrs. Wilson & Son* and *Dowd & Walker*, for plaintiffs.
*Messrs. Shipp & Bailey*, for defendants.

ASHE, J. The only question which need be considered in this case turns upon the interpretation of the deed made by Margaret to Araminta Blair. The deed operates as a covenant to stand seized to uses. In the premises of the deed, the land in dispute is given to Araminta alone, and the *habendum* is to her and her children. Do the children of Araminta take an immediate estate in joint-tenancy with their mother, or an estate in joint-tenancy in remainder for their lives?

The deed in the absence of any words of inheritance unquestionably conveys only a life estate to the donees, and whether the children take the estate jointly with their mother, or in remainder after her life, the estate is a joint-tenancy, for the act of 1784 which converted joint tenancies into estates in common, had reference only to estates of inheritance. Such is the reasonable construction of the act and the interpretation which has been given to it by this court in *Powell* v. *Allen*, 75 N. C., 450.

The premises of a deed are used to set forth the names of the parties, any recitals of deeds, &c., that may be deemed necessary to explain the reasons upon which the conveyance is founded and the consideration upon which it is made; and it is the office of the *habendum* to determine the

estate or interest which is granted, though this may be performed by the premises, in which case, the *habendum* may explain, enlarge or qualify the premises, but not be totally contrary or repugnant. 2 Blk., 298. A deed may be good without any *habendum*, but where it is used it may materially qualify the statement of the premises. In this deed, for instance, a life estate is given to Araminta in the premises, and the *habendum* is to her and her children. The effect of the *habendum* standing alone would give a joint estate to Araminta and her children, but to give it such a construction would be inconsistent with and repugnant to the premises, in which an estate is given to the mother alone. But the deed should have such a construction as is most favorable to the minds and intent of the parties as the rules of law will admit. We think it most probable when this deed was made, it was the intention of the donor to give the whole estate to Araminta for life and after death to her children absolutely, so as to exclude the husband of the donee from an interest therein. If that was the intention, the form of the deed for that purpose comports with the rules of construction, for the doctrine is laid down in Shepherd's Touchstone, 151, that "one who is not named in the premises may nevertheless take an estate in remainder by limitation in the *habendum.* 2 Roll. Abr., 68; Hob., 313. In 3 Leon Ca., 60, it is said that the *habendum* shall never introduce one who is a stranger to the premises to take as grantee, but he may take by way of remainder.

Applying this principle to our case, the construction must be to give an estate for life to Araminta, and an estate for life in joint-tenancy to her children, the plaintiffs, in remainder. This construction necessarily defeats the petition for partition, for it is a general rule prevailing in England and in this country, "that no person has the right to demand any court to enforce a compulsory partition, unless he has an estate in possession—one by virtue of which he

is entitled to enjoy the present rents or the possession of the property as one of the co-tenants." Freeman on Co-Tenancy, § 146.

There is error. The petition cannot be sustained. Let this be certified to the superior court of Mecklenburg county, that the issues and proceedings in that court may be transmitted to the superior court clerk of that county to the end that the petition be dismissed.

Error.                                          Petition dismissed.