## FRANKE *vs.* BERKNER *et al.*

1. A deed of gift conveyed land to a trustee upon the following uses: To the use of said grantor and his wife and the children of her body lawfully begotten by him, to the exclusion of his and their children by any other marriage, during the natural [life] of said grantor and wife, and during the natural life of the survivor; and at and from their death this trust to cease, and the property and increase thereof to be equally divided between their children, the issue of their marriage, to the exclusion of all others, with right of representation by the children of a deceased child:

*Held*, that the children were joint usees for life with their parents, and at the same time took a vested fee simple estate in remainder.

2. The trustee only held title to the life estate, and could not convey the remainder.

(*a*.) Under a conveyance by him the statute of limitations did not begin to run against the remaindermen until the death of the parents.

3. An attempt by the grantor, his wife and the trustee, to divide the property and give to the grantor a title to a part of it, could not affect the rights of the remaindermen.

4. Isolated portions of the charge excepted to cannot be intelligently considered in the absence of the entire charge.

Estates. Title. Trusts. Prescription. Statute of Limitations. Before Judge SIMMONS. Bibb Superior Court. October Term, 1881.

Reported in the decision.

F. J. M. DALY, for plaintiff in error.

LYON & GRESHAM, for defendants.

SPEER, Justice.

John Berkner, being a married man with a family, including wife and children, and holding an estate in his own right, on the 14th of July, 1855, executed a deed in manner and form as follows:

" GEORGIA—Bibb county.

" This indenture made and entered into this the 14th day of July, 1855, between John Berkner and his wife, Margaret Berkner, and Jacob Russell, witnesseth, that the said John Berkner, for the sum of ten dollars to him in hand paid, and for the natural love and affection which he has for his wife and children of her body by him lawfully begotten, have granted, bargained, sold, and by these presents do grant, bargain, sell and convey unto the said Jacob Russell, his heirs and assigns, all of the following property, to-wit: one hundred and thirty-seven acres of land lying on the Forsyth road, about four miles from Macon, adjoining the lands of Merritt, George Douglass, Henry S. Rogers, T. P. Stubbs, and others, now occupied by John Berkner; three negroes, Sam, a man about sixty years old, Mourning, a woman sixty years old, Esther, a woman about twenty-six years old ; ten cows and seven calves, two horses, one mule, two feather beds and bedsteads; one barouche; to have and to hold said property and all rights of property to the said Jacob Russell, his heirs and assigns, forever upon the trusts following, to-wit: to the use of said John Berkner and his wife, Margaret Berkner, and the children of her body lawfully begotten by said John Berkner, to the exclusion of his and their children by any other marriage, during the natural —— of said John and Margaret, and during the natural life of the survivors ; at and from the death of said John and Margaret this trust to cease, and the property and increase thereof to be equally divided between their children, the issue of their marriage, to the exclusion of all others, and to said children forever; the grandchildren, in case the parents be dead, to take the place of their parents.   In witness whereof the said parties have set their hands and seals.                         JOHN BERKNER,

MARGARET BERKNER,

JACOB RUSSELL.

" Signed, sealed and delivered in presence of
    CALEB WALDEN, SR.,
    THOS. P. STUBBS, *Notary Public.*"

To recover nineteen acres of the premises conveyed under the foregoing deed, the defendants in error, as the children of John and Margaret Berkner, brought their action of ejectment, the last life tenant, John Berkner, having died about two years prior to said suit.

To this action plaintiff in error filed the plea of general issue, also a plea of title by prescription in himself, and third an equitable plea by way of defense, in which he

alleged, "that plaintiffs claim the premises in dispute under deed heretofore set forth of date of 14th July, 1855, as remaindermen, and defendant alleges the same was made under the following circumstances: That John Berkner visited Germany in 1854, and on his return brought with him a niece, with whom he became criminally intimate, which resulted in her pregnancy, and when the same became known to his wife, Margaret, she being of strong mind and sharp tongue, was continually reviling her husband, and by her violent threats and harangues frequently forcing her husband to retire from the house; and finally yielding to the importunities of his wife, so that neither the niece or her child should have claim upon his property, he, acting under moral *duress*, executed the deed under which plaintiffs claim title, which was made to appease the anger of his wife, without any intention of passing an absolute estate. Shortly after the niece was delivered of a child, and she before a magistrate swore the same to John Berkner, which caused a divorce suit between Berkner and wife, and which resulted, by the interposition of friends, in another conveyance of said property to his family by John Berkner, except the nineteen acres sued for, which he reserved to himself absolutely. That several years after this, Berkner sold the nineteen acres to Ward in 1861, and subsequently it was bought by defendant at commissioner's sale, under a decree in chancery, and he has held the same since under color of title peaceably for more than seven years."

On motion of plaintiffs' counsel, this equitable plea was stricken by the court on demurrer thereto. Under the evidence and charge of the court, the jury found for the plaintiffs the premises in dispute; whereupon the defendant made a motion for a new trial on various grounds as set forth in the record, which was refused by the court, and defendant excepted.

Passing by the other grounds in the motion for new trial for the present, the main questions upon which plaintiff in error relied before this court were:

(1.) That the children suing under the deed of the 14th July, 1855, were "contingent remaindermen," and were defeated of their contingent estate by the subsequent conveyance of John Berkner, the grantor, and hence had no right of recovery under the deed of 14th July, 1855.

(2.) That if these children took a vested remainder under said deed, they took as tenants in common with their mother, and the legal title being in their trustee, Jacob Russell, and he being barred from a recovery by lapse of time, they were likewise barred, and the title set up by prescription by defendant should prevail.

1. The deed executed by John Berkner to Russell, as trustee, conveyed the property to the use of John Berkner and his wife, Margaret, and the children of her body lawfully begotten by the said John Berkner, to the exclusion of his other children by any other marriage during the natural life of the said John and Margaret Berkner, and during the natural life of the survivor. At and from the death of said John and said Margaret this trust to cease, and the property and the increase thereof is to be equally divided between their children, the issue of their marriage, to the exclusion of all others, and to said children forever; grandchildren to take in place of a deceased parent.

Under our construction of this deed, the children of John and Margaret Berkner were joint life tenants with their parents, and at the same time took a vested fee simple estate in remainder. Russell, the trustee, only held the legal title to this life estate, and when he sold, could only sell the life estate, and could not divest the title of the children in remainder. At the death of the life tenants, Berkner and wife, by the terms of the deed the trust ceased, and became executed. See *City Council of Augusta vs. Radcliffe,* 65 Ga., 469; 4 Rich. (S. C.) Eq., 475; 34 Ala., 150.

2. The title of the children in remainder not being divested by the sale of the trustee, the statute of limitations did not commence to run against the children until the death

of both parents.    34 *Ga.*, 518;  1  Root (Con.), 546;  4 Johns. (N. Y.), 390:

3, 4. As to the second deed made by Russell and Margaret and John Berkner, with a view of dividing this property between the husband, wife and children, as was sought to be done in compromising and arranging the suit for divorce (as to the property) pending between Berkner and wife, it is evident that no such arrangement or conveyance by the husband, trustee and wife could affect the title in remainder, which had vested on the execution of the first deed in these complainants, the children of said marriage. It is not contended that they gave their assent to any such disposition, even if they had the legal capacity to do so.    They now stand upon their rights secured to them by the first deed made by John Berkner, and under that title they must recover.

As to the other points made in the record as to sustaining the demurrer to, and striking the equitable plea filed, the repelling certain evidence on the subject of duress or undue influence, and other proofs as set forth in the motion for a new trial, we think the rulings of the court were proper under the state of the pleadings and issues involved.    Under the facts of this case, the whole charge was necessary to understand the isolated portions excepted to.    55 *Ga.*, 633; 60 *Ib.*, 609; 63 *Ib.*, 163.

Concluding, as we do, that the title to this property sued for vested in these complainants as remaindermen under the first deed made by their father, and that under the proofs submitted the verdict was *necessarily* in their favor, we do not feel authorized to disturb it, notwithstanding there may have been immaterial errors committed, unless such errors vitally affect the merits of plaintiff's case, or do wrong to the defense.

Let the judgment below be affirmed.