LIZZIE M. WATSON *vs.* DANIEL CRESSEY.

Cumberland. Opinion April 20, 1887.

*Deed. Vested remainder. Life-estate.*

A deed from a father to two sons contained the following provisions — the grantees "to come into possession of said property after the decease of me and my wife Margaret and not before; . . . this deed is to take effect and go into operation on the decease of me and my wife, and not before." *Held,* that the deed conveyed a vested remainder to the grantees, which they could convey, even before the termination of the life-estate.

ON report on agreed statement of facts.

Writ of entry by which the plaintiff demands the homestead farm of the late James McIntosh in Gorham.

*George F. McQuillan*, for the plaintiff.

*F. M. Ray*, for the defendant.

WALTON, J.   The facts agreed upon and reported to the law court do not sustain the plaintiff's title.   They show title in the defendant.

A grantor may lawfully convey his real estate reserving to himself, or to himself and wife, a life-estate in the premises. Such a conveyance vests an estate in remainder in the grantee immediately.   His estate is not postponed till the termination of the life estate.   His right of possession or enjoyment is postponed, but his estate, such as it is, vests immediately.   In other words, he takes a vested remainder.   Such an estate is transferable. The owner may convey or mortgage it; and he can do this before as well as after the termination of the life-estate.   Of course the estate of the grantee or mortgagee will be no greater than that of the grantor or mortgagor.   He will hold subject to the life-estate.   But, with this limitation upon it, a vested remainder may be conveyed or mortgaged as well as any other interest in real estate.

These principles are decisive of the case now before us.  James McIntosh conveyed his real estate to his two sons, Stephen and George, reserving to himself and wife a life-estate.  The language of the deed is this : "Said Stephen and George to come into possession of said property after the decease of me and my wife Margaret and not before."   And again : "This deed is to take effect and go into operation on the decease of me and my wife and not before.   .   .   .   My wife is to have the place while she lives after my death."   The intention of the grantor was to reserve an estate for the life of himself and wife, and to convey the remainder to his two sons.   Of this there can be no doubt. And the law will give effect to this intention.   The demanded premises are a portion of what was conveyed to George.  James McIntosh and his wife are now both dead and the life-estate ended.   The demandant claims title through the heirs of James McIntosh.   Her title can be maintained only upon the ground that the deed above referred to was inoperative and void ; or,

in other words, that it did not convey a vested remainder to the grantees.

We think it did convey a vested remainder to the grantees. The conveyance was conditional; but the conditions were all subsequent, not precedent; they would not prevent the vesting of the estate; and it is agreed that the conditions have all been performed, and can never, therefore, devest it. The plaintiff claims through the heirs of James McIntosh, the father and grantor of George, and the defendant through the grantees of George. The defendant has the better title. *Wyman* v. *Brown*, 50 Maine, 139 ; *Drown* v. *Smith*, 52 Maine, 141.

*Judgment for the defendant.*

Peters, C. J., Virgin, Libbey, Emery and Haskell, JJ., concurred.