## ODELL vs. CANNON et al.

1. On September 20, 1861, John E. Odell made a deed of gift to his daughter, "Martha H. McClesky, the wife of George W. McClesky, and her children, present and future," to a certain tract of land, "with the qualifications and conditions following, to-wit, that if George W. McClesky, the husband of said Martha H. McClesky, should never return from the Rocky Mountains, where he is now absent on an adventure for gold, this conveyance to be absolute for the purpose aforesaid; and should the said George W. return and refuse to accept the land and to live on it as a home for his family, then the same to revert to the said John E. Odell; and the decision to be made by said George W. within twelve months after his return from the Rocky Mountains, but his decision not to control the said Martha if she desires to accept it on the same terms aforesaid; and should they both refuse to accept the land with the limitation aforesaid, then the same to revert to the said John E. Odell." This deed was recorded within a year after it was made, and Martha H. went into possession in 1861. Her husband returned from the Rocky Mountains in April, 1865, and both of them made a deed of relinquishment, dated September 10, 1865, refusing to accept the gift on the conditions stated and relinquishing their right, claims and title to the grantor:

   *Held,* that the deed granted the land upon the condition of its acceptance by the husband or wife as therein stated; and upon their refusal to so accept it, it reverted to the grantor.

2. It is immaterial whether the relinquishment was dated at the time when it was executed or not. It is not necessary that the refusal should have been in writing, but if they desired to put it in writing, they had the right to date it at the time when their election was

really made. The condition of the deed made the acceptance of the husband or wife, and not that of the children, the test of the right of ownership of the land; and if the parents refused the gift upon the conditions annexed thereto, the children lost any interest which they might have had in case of acceptance by their parents.

(a) A verdict finding that the children could recover the land was contrary to law, and should have been set aside.

December 3, 1887.

Deeds. Estates. Construction. Title. Verdict. Before Judge WELLBORN. Hall Superior Court. August Term, 1887.

Reported in the decision.

J. M. TOWERY; S. C. DUNLAP, for plaintiff in error.

W. L. MARLER, for defendants.

SIMMONS, Justice.

This was an action of ejectment brought in the court below by the defendants in error against E. E. Odell, the plaintiff in error. Upon the trial of the case, the jury returned a verdict in favor of the defendants in error; whereupon Odell, the defendant in the court below, made a motion for a new trial on the several grounds mentioned therein, which was overruled, and he excepted.

It appears from the record that John E. Odell, on the 20th of September, 1861, made a deed of gift to his daughter "Martha H. McClesky, the wife of George W. McClesky, and her children, present and future," to a certain tract of land in Hall county, containing 125 acres,

" With the qualifications and conditions following, to-wit: that if George W. McClesky, the husband of said Martha H. McClesky, should never return from the Rocky Mountains, where he is now absent on an adventure for gold, this conveyance to be absolute for the purpose aforesaid; and should the said George W. return and refuse to accept the land and to live on it as a home for his family, then the same to revert to the said John E. Odell; and the decision to be

made by said George W. within twelve months after his return from the Rocky Mountains, but his decision not to control the said Martha if she desires to accept it on the same terms aforesaid; and should they both refuse to accept the land with the limitation aforesaid, then the same to revert to the said John E. Odell."

This deed was recorded within a year after it was made, and Martha H. went into possession of the land in 1861, and her husband, George W. McClesky, returned from the Rocky Mountains on the 14th of April, 1865. It further appears from the record that, on September 10th, 1865, George W. McClesky and Martha, his wife, made a deed of relinquishment, wherein they recited the deed made by John E. Odell to Martha H. McClesky, the conditions of said deed and the date thereof, and the fact of its record, and a description of the land given in said deed of the 20th of September, 1861. It also recites that said George W. McClesky returned from the Rocky Mountains on the 14th of April, 1865, and "does, in conjunction with his wife, the said Martha H. McClesky, refuse, by virtue of the right of conditions in the aforesaid deed, to accept said deed of gift; hereby relinquishing unto the said John E. Odell our right, claims and title of every description whatever (present) in said lands." This paper was signed by McClesky and his wife in presence of John H. Reed and Sterling M. Roberts, J. P.

1. The view we take of this case renders it unnecessary for us to pass upon the numerous exceptions set out in the motion for a new trial. The deed made by John E. Odell to Martha H. McClesky was a conditional deed. It granted to her and her children, present and future, this tract of land, on condition that her husband, within twelve months after his return from the Rocky Mountains, should accept the land, and live upon the same as a home for his family; and in case he refused to accept it, then that his wife, Martha H., might accept it upon the same terms and limitations. The evidence discloses the fact that on the 10th of September of the year of his return, and within the twelve months, both, under their hands and seals, refused

to accept the land given by John E. Odell to his daughter Martha. They had a right to refuse it; and if they did so, then, under the conditions of the deed, it reverted to the grantor, John E. Odell.

2. But it is argued that they did accept said land and live thereon over two years after the return of the said George W. McClesky, and that the deed of relinquishment was antedated, in other words, that it did not bear its true date, that it should have been dated in August, 1867, instead of September, 1865; and that having accepted it, the rights of their children attached.

There is no evidence in the record showing that this deed of relinquishment was antedated, as contended for by counsel, except the fact that McClesky and wife did live on the land until September, 1867; and the testimony of a witness that he heard Odell and McClesky make a trade about the land about that time.

We do not think it is material whether the paper was antedated or not. The condition of the deed was, that it was to be accepted and the land lived on by McClesky and his wife. They had a right at any time to refuse to abide by the conditions in the deed. It was not necessary that the refusal should have been in writing, but if they desired to put it in writing they had the right to date it at the time when their election was really made. The condition of the deed made their acceptance, and not the children's, the test of the right of ownership of the land; and if the children did take an interest in the land under the words of the grant, of which there is doubt, the right of acceptance to fix the title was in the parents; and if the parents refused the gift upon the conditions annexed thereto, the children lost their interest as well as the parents. This being so, it follows that the children had no interest in the land, and could not therefore bring a suit to recover the same. The jury having found a verdict in their favor. the court erred in not setting it aside.

Judgment reversed.