with a weapon likely to produce death, and did in fact strike and beat defendant with the deadly weapon before any blow was given by defendant.

Another ground is, that the court erred in assuming in the charge that defendant had given provocation to deceased, that deceased advanced upon defendant, that defendant still provoked deceased and armed himself, and that they engaged in such mortal combat,—as appears from the following instructions : "Words cannot justify the use of a deadly weapon in the infliction of a battery; and if you believe from the evidence that upon such provocation given that the deceased advanced upon defendant, that the defendant still provoked the deceased and armed himself, and that they engaged in such mutual combat, and the defendant slew the deceased, it would be your duty under these circumstances to convict him of the offence of voluntary manslaughter."

It is further complained that the court refused to charge, as requested, certain principles as to involuntary manslaughter.

WALTER A. WAY, by brief, for plaintiff in error.

W. A. LITTLE, attorney-general, by J. H. LUMPKIN, and W. G. BRANTLEY, solicitor-general, *contra*.

---

## GRIFFIS *v.* GRIFFIS.

The uncontradicted evidence being that the father conveyed the premises in dispute to the son upon the promise and undertaking of the latter to support him during his life, and that the son had not violated the terms of this stipulation up to the time of the trial, and there being no evidence to show that the father owed any debts or was otherwise involved at the time of making the conveyance, or that he then contemplated the commission of any fraud, the verdict of the jury finding the property subject to a judgment rendered against the father long after the date of the conveyance, was without evidence to support it, although the

father, with the consent of the son, remained in possession of the premises until about the time the judgment was rendered, and although during a part of such occupation he claimed the property as his own, declaring that the conveyance to the son was only a sham, it not appearing that such declarations were made in the son's hearing or that he had any knowledge of the same or of his father's adverse claim of title.          *Judgment reversed.*

March 26, 1892.  Argued at the last term.

Fraudulent conveyance.  Parent and child.  Verdict. Before Judge ATKINSON.  Clinch superior court.  March term, 1891.

Executions in favor of S. L. Griffis against Berry Griffis were levied on land which was claimed by Samuel Griffis.  The property was found subject, and the claimant's motion for a new trial was overruled.

The evidence for the plaintiff was: She married defendant twelve or fifteen years ago.  He told her he had "shammed off" his place to Sam. Griffis, and that Sam. should never have it.  Sam. paid the taxes out of defendant's money.  He lived on the same place during the time plaintiff stayed with him; claimed it and used it as his own.  About ten years ago defendant offered to trade places with plaintiff's father, and told him he (defendant) had "shammed off" his place where he lived to Sam. Griffis, but it would be all right.  Defendant has lived on the land in question, up to 1889, for thirty or forty years, using and cultivating it as his own.

The claim rested on a deed from the defendant dated September 16, 1870.  Claimant testified: My father is about eighty years old.  He made the deed to me in consideration that I should maintain and support him in his old age.  This I have done by furnishing him with clothing and food for his support, and have paid his doctor's bills and assisted him in tending the land, and am now tending and in possession of it.  I received the deed in good faith, and have performed the agreement between us.  I did not have the deed recorded,

.because I did not think it necessary. I sold beef-cattle for him, and received the money; spent some in his support; don't remember that any consideration was paid for the land when the deed was made. He lived on the land, cultivated and used it; never made support; got no rent.

J. L. SWEAT, by brief, for plaintiff in error.

S. W. HITCH, by HARRISON & PEEPLES, *contra.*

---

### OLMSTEAD *v.* WILLIAMS.

The action being for a malicious prosecution and arrest, and the plea of justification not being sustained by the evidence, and the verdict of the jury not being so excessive in amount as to indicate any bias or prejudice, and there being no complaint of any error of law committed by the court on the trial, the grant of a new trial was unwarranted by law. The plea of justification was necessarily false, for, as shown by the evidence, the acts of the plaintiff on which the charge of criminal trespass was made against him by the defendant did not constitute any violation of the penal laws of the State, and therefore did not subject him to indictment or arrest.                    *Judgment reversed.*

March 26, 1892.  Argued at the last term.

Malicious prosecution. Justification. New trial. Be-fore Judge ATKINSON. Ware superior court. April term, 1891.

Olmstead sued Williams for malicious arrest and pros-ecution. The defendant pleaded justification. Plaintiff obtained a verdict for $250. Defendant moved for a new trial upon the grounds that the verdict was con-trary to law, evidence, etc. A new trial was granted, and the plaintiff excepted.

The evidence discloses that at the time of the arrest the plaintiff, under the direction of his superior, was en-gaged in the erection of a fence which the defendant claims was on his property. The plaintiff claims that it was on the property of the railroad company for which