ROLLINS, administrator, *et al. v.* DAVIS.

1. Where a father in consideration of love and affection conveyed to his children by deed certain described realty and personalty, "to have and to hold . . to the said" children (naming them), "their heirs and assigns, . . to their own proper use, benefit and behoof, the said children, after the support of" the grantor and his wife "their lifetime," there being nothing in the deed charging upon the grantees any duty of furnishing the parents a support, or any specification of what the support was to consist, the effect of the deed, properly construed, was to reserve a life-estate in the grantor and his wife and the survivor of them, and vest a fee simple title in the grantees as remaindermen after the death of both parents.

2. The remaindermen not being bound to sue until after the death of both life-tenants, the statutes of prescription did not begin to run against them and in favor of one holding under the grantor's widow until after her death.

April 15, 1895. By two Justices. Argued at the last term.

Complaint for land. Before Judge JANES. Paulding superior court. August term, 1894.

W. E. SPINKS, J. W. MOON and ARNOLD & ARNOLD, for plaintiffs.   McGREGOR & CAMP, C. D. PHILLIPS & BARTLETT & WASHINGTON, for defendant.

SIMMONS, Chief Justice.

John D. Turner and James G. P. Turner brought their action of complaint to the August term, 1892, of Paulding superior court, against Davis, for a half-interest in a certain tract of land in that county.   The plaintiffs claimed under a deed from their father, Daniel C. Turner, dated February 14, 1855.   The defendant based his claim of title upon possession of the premises in dispute for more than seven years under deeds to the same from Nancy A. Turner, the wife of Daniel C., and from Rhoda Chappell, formerly Rhoda L. Turner, to one Pickett, dated December 8, 1881, and under conveyances from Pickett and others claiming under him, down to the defendant.   It was agreed that if the statute of limitations ran in favor of the defendant before the death of Nancy A. Turner, which occurred in 1892, the defendant had a good prescriptive title to the premises.   The plaintiffs contended, however, that the deed from their father, upon which their claim of title was based, reserved to the grantor and his wife a life-interest in the property, and that the interest conveyed to the plaintiffs was a vested remainder which did not take effect until after the death of both parents, and therefore that the statute of limitations did not begin to run against them before the death of Nancy A.   The court below ruled against this contention, and directed a verdict in favor of the defendant.   This deed reads as follows:

"State of Georgia, Paulding county.

"This indenture, made this the 15th of February, 1855, between Daniel C. Turner of said county and State of the one part, and John D. Turner, Wm. A. H. Turner, James G. P. Turner, Mary Jane Turner and Rhody L. F. Turner, children of the said Daniel C. Turner, of

the same place, of the other part, witnesseth that the said Daniel C. Turner, for and in consideration of natural love and affection which he has and bears to his said children [naming them] hath given, granted and conveyed, and does by these presents give, grant and convey unto the said [children, naming them], his heirs and assigns, all that tract or parcel of land lying and being in the second district of said county [describing land], and also personal property [describing yokes of steers and household and kitchen furniture], to have and to hold said land and property mentioned above to the said John D. Turner, Wm. A. H. Turner, James G. P. Turner, Mary Jane Turner and Rhody L. F. Turner, their heirs and assigns, together with all and singular the rights, members and appurtenances to the same in any manner belonging, to their own proper use, benefit and behoof, the said children, after the support of Daniel C. Turner and Nancy A. Turner their lifetime."

1. The cardinal rule in the construction of instruments of this character is, to ascertain the intention of the parties. If the intention be clear and it contravenes no rule of law, and sufficient words be used to arrive thereat, it should be enforced, irrespective of all technical rules of construction and notwithstanding a mere literal repugnance in the several clauses of the conveyance. (Code, §2755; *Thurmond* v. *Thurmond*, 88 *Ga.* 182.) The premises in this deed are in the usual form which passes an absolute estate, but when we come to the *habendum,*—the office of which is to explain what interest passes or when it is to take effect,—it is stated that the children named are to have and to hold the property conveyed " after the support of " the grantor and his wife " their lifetime." We think it is clear that the support here referred to was not a support to be furnished by the children. The sole consideration stated in the deed is natural love and affection, and nothing is said as to any obligation of the children to furnish the parents a support, nor is there any specification of what the support was to consist. Some of the children were

minors and incapable of undertaking such an obligation, and besides, the parents owned their services anyhow. We are satisfied that the real meaning of what is said as to the support of the grantor and his wife is, that the land was to be reserved to them for their support during their lifetime. That such was the intention of the grantor is indicated by his remaining in possession of the land for a number of years after the deed was made and until he left the State altogether; indeed, it seems that he never at any time surrendered possession to any of the children. The support was to be for " their lifetime," and the children were not " to have and to hold " until " after " that time,—that is to say, until after the termination of that period. If the children were to have immediate possession of the land, there was no reason why the deed should have said that they were to have and to hold " after " the lifetime of the grantor and his wife. It is clear to us, therefore, that the effect of the deed, properly construed, was to reserve a life-estate in the grantor and his wife and the survivor of them, and vest a fee simple title in the grantees as remaindermen after the death of both parents.

2. The remaindermen not being bound to sue until after the death of both life-tenants, the statutes of prescription did not begin to run against them before the death of Mrs. Nancy A. Turner in 1892. *Bagley* v. *Kennedy*, 81 *Ga.* 721; *Franke* v. *Berkner*, 67 *Ga.* 264.

*Judgment reversed.*

Cited for plaintiffs in error: Elphinstone on Interpretation of Deeds, p. 210; Shep. Touch. 74, 75; Co. Lit. 6a; Buckler's case, 2 Rep. 55b; Berry v. Billings, 44 Maine, 423; Sumner v. Williams, 8 Mass. 162; Fort v. Flint, 40 Vt. 382; Manning v. Smith, 6 Conn. 292; Moss v. Sheldon, 3 W. & S. (Pa.) 162; Walters v. Bredan, 70 Pa. St. 237; Nightingale v. Hidden, 7 R. I. 118; Blair v. Osborne, 84 N. C. 417; Carson v. McCaslin, 60 Ind. 334; Code, §§2755, 2757, 2247, 2264; Watson v. Cressey,

79 Me. 381; Bunch v. Nicks, 50 Ark. 367; Reynolds v. Towell (Ky.) 11 S. W. Rep. 202; Code, §2395; *Williams* v. *Tolbert*, 66 *Ga.* 127; *Jossey* v. *White*, 28 *Ga.* 265; *Thurmond* v. *Thurmond*, 88 *Ga.* 182; *Watson* v. *Goolsby*, 86 *Ga.* 808; Code, §3801; *Brown* v. *Doane*, 86 *Ga.* 32; *Barrett* v. *Powell*, 63 *Ga.* 552; *Mohr* v. *Dillon*, 80 *Ga.* 572.

Cited for defendant in error: Code, §2248; 80 *Ga.* 155–6; *Id.* 313, 314; 62 *Ga.* 546; 76 *Ga.* 169; 87 *Ga.* 235; 89 *Ga.* 142; 70 *Ga.* 800; 46 *Ga.* 9; 87 *Ga.* 235; 80 *Ga.* 63; 78 *Ga.* 148; 75 *Ga.* 169; 57 *Ga.* 484, 668; 15 *Ga.* 457; 23 N. E. Rep. 1090; 79 *Ga.* 515; 48 *Ga.* 329; Addison on Contracts, 972; *Id.* 176, note z; 73 *Ga.* 165, head-note 8; 63 *Ga.* 96; 72 *Ga.* 850; 79 *Ga.* 430; 77 *Ga.* 555; 67 *Ga.* 264.