## DOYAL AND WIFE *vs.* SMITH, EX'R.

1. Parol testimony cannot be received to add to or vary a will; but it is admissible to explain an equivocal clause.
2. A limitation of an estate by a testator to his wife, during her natural life or widowhood, is good.

In Equity, from Henry county. Decision by Judge CABANISS, at April Term, 1858.

This was a bill in equity, filed by John A. Smith, executor of the last will and testament of Elijah S. Boynton, deceased, for the aid and direction of a court of equity in the execution of said will, and especially to have the 9th clause of said will construed and expounded.

Said clause is as follows:

"Item 9th. At my death I give and bequeath to my wife, Elizabeth Boynton, during her lifetime or widowhood, the west half of my lands, with a good house and farming tools, two cows and calves, and one year's provisions for the family, and household and kitchen furniture sufficient for the use of the family. Also Solomon's labor is to go to raise the children. When the youngest becomes of age, he shall be the property of my wife, Elizabeth Boynton, and also Floyd, a negro boy, and fifty dollars for the use of the family."

Defendants answered the bill, and upon the hearing, they proposed to prove by John A. Smith, the complainant, that at the time the will was written, he heard testator instruct the draftsman to give the "slave, Solomon's labor, to assist in raising his youngest children, and when the youngest child came of age, the said slave Solomon, to go to his wife, Elizabeth Boynton." She then remarked to him, "who would then have him?" The testator

Doyal and Wife vs. Smith, Ex'r.

then replied, "that makes no difference, I will give you Floyd as your own," and instructed the draftsman accordingly, who immediately made the entry as found in the will, with which testator and wife were satisfied; and that since that time the said boy had been recognized and treated as the poperty of Mrs. Boynton, now Mrs. Doyal —recollects no instructions in relation to the land sufficiently distinct to state it.

· The court refused to admit this evidence; holding that it went.to alter, add to, or explain said will, and was inadmissible; and defendants, Doyal and wife, and the younger children excepted.

Defendants then proposed to read the answer of Elizabeth Doyal, to the bill of complainant, giving her explanation of said will. The court. refused to admit said answer in evidence, as explanatory of the intention of testator. To which decision counsel for Doyal and wife, and younger children excepted.

The court then adjudged and decided that the land was devised to Mrs. Boynton during her lifetime or widowhood, and upon her marriage. and termination of her widowhood, the remainder in fee being undisposed of by the will, rests in and belongs to the heirs at law of testator.

The court further adjudged the slave Solomon's labor to be appropriated to raise the younger children of the testator, and after they are raised, and the youngest attains age, then Solomon becomes the property of Mrs. Boynton, now Mrs. Doyal, and rests in her absolutely and free from any trust; and that the labor of Floyd was to be appropriated in the same way as that of Solomon, and for and during the same period, and he was then, in like manner, to become the property of Mrs. Boynton, and to rest in her absolutely.

To which judgment counsel for defendant excepted.

L. T. Doyal, for plaintiffs in error.

James S. Boynton, *contra.*

*By the Court.*—Lumpkin, J., delivering the opinion.

1. Ought the testimony of Elizabeth Boynton to have been received to show what disposition the testator intended to make of the west half of the land after the death or marriage of his widow?

The will leaves it wholly undevised; and to allow this evidence would be to add another dispository clause to the will, which the testator himself has not seen fit to make.    True, we may conjecture that he had an indistinct idea in his mind, that the minor children would use and occupy this land, not only during the lifetime of their mother, but until the youngest became of age; and yet he gives the land to his wife for this purpose during her widowhood only.    As to the other clause terminating this estate, being a *restraint on marriage,* we think there is nothing in it.    This is no condition imposed by way of penalty, but the ordinary alternative limitation of an estate upon the natural life or widowhood of the devisee. These limitations are of daily occurrence in wills; and. yet nobody ever thought of construing them as penalties, held in *terrorem* over the widow to. prevent her from marrying again.

Does the testimony of John A. Smith, which was offered to prove that the bequest of Floyd was intended to be a gift of the boy to the widow, stand upon the same footing as that of Mrs. Boynton?

The clause of the will, as to Floyd, may be read two ways; either as an absolute gift to the wife, to take effect immediately, or as a disposition similar to that made of Solomon.    The meaning of the will as to this negro, is in the language of the books, equivocal.    The testimony

is clear and conclusive; and yet, when admitted, does not add to or vary the will. For, to make it do that, you have to assume, as in the case of the land, that the will means a certain thing and nothing else. But we say that this is not true as to Floyd. After the outside proof as to him, comes in, the will is not altered, but executed as it is written; and Mr. Powell, and other law authorities, justify this course.

Judgment reversed.