THURMOND *v.* THURMOND *et al.*

1. In construing a deed made since the adoption of the code, if it be clear from the whole instrument read together that it was the intention of the parties to create a life estate in one of the vendees, with remainder as to the undivided half of the premises in certain named third persons not parties to the deed, this intention will be carried into effect notwithstanding a mere literal repugnancy in the several clauses of the conveyance, the cardinal guide to construction being the intention. Code, §2755.

2. Applying the foregoing to the deed now in question, the persons named as heirs of Bolton Thurmond took an undivided half-interest in the premises as remaindermen after the death of James W. Thurmond, the material terms of the deed being as follows: "Wit-

nesseth, that the said John W. Porterfield hath, for and in consideration of the sum of two thousand dollars to him in hand paid by the said Sarah F. Thurmond and James W. Thurmond, hath granted, bargained and sold, and by these presents doth grant, bargain and sell unto the said Sarah F. Thurmond and James W. Thurmond, their heirs and assigns, all that tract or parcel of land [the premises in dispute]. To have and to hold said tract or parcel of land unto the said Sarah F. Thurmond and James W. Thurmond, heirs and assigns, together with all and singular the rights, members and appurtenances thereof, to the same in any manner belonging or in any wise belonging or appertaining, to their own proper use and benefit forever, in behoof of fee simple. And the said John W. Porterfield, for himself, heirs and assigns, the said bargained premises to the said Sarah F. Thurmond and James, heirs and assigns, will warrant and forever defend the right and title thereof against himself, heirs and assigns, and against the just claim of all and every other person whomsoever. The conditions of this deed or indenture is as follows: that at the death of said James W. Thurmond, his interest or part of said tract of land shall go to the heirs of Bolton Thurmond, deceased, and belong to, and the right and title be fully vested in them, to-wit: J. W. Thurmond, B. E. Thurmond, Martha L. Thurmond and L. B. Thurmond, which is the legal heirs of Bolton Thurmond, deceased." 　　　*Judgment affirmed.*

December 23, 1891.

Deeds. Estates. Remainders. Before Judge Hutchins. Jackson superior court. August term, 1891.

Complaint for land against the widow of J. W. Thurmond was brought by J. W., B. E., M. L. and L. B. Thurmond, who are the heirs of Bolton Thurmond, mentioned in the deed quoted in the second head-note, which deed is the title they relied on. A verdict in their favor was rendered, and the defendant's motion for a new trial was overruled.

W. I. Pike and J. B. Estes, for plaintiff in error, cited 15 *Ga.* 461; 32 *Ga.* 589; 52 *Ga.* 300; 80 *Ga.* 154; 83 *Ga.* 787; Code, §§2697, 2296; 7 Am. St. Rep. 420; 42 Am. Rep. 701; 11 Metc. 316.

Alex. S. Erwin and M. M. Pitman, *contra*, cited Code, §§2755 *et seq.*, 2697, 2248, 2476; 70 *Ga.* 161; 40 *Ga.* 342; 79 *Ga.* 33; 75 *Ga.* 285; 56 Vt. 173.