## GILLIS v. HILTON & DODGE LUMBER COMPANY.

1. As against a general demurrer, the petition set forth a cause of action.
2. Even though the allegations of a petition which sets forth a cause of action and prays for extraordinary relief in aid thereof are not sufficient to authorize the granting of such relief, the entire petition should not for this reason be dismissed, but only the allegations relating exclusively to the extraordinary relief should be stricken.
3. Under the provisions of section 1900 of the Civil Code, "Suits for damages, because of torts, wrong or injury done," against a corporation chartered by authority of this State, may be brought in the county where the cause of action originated.

Submitted May 7, — Decided May 27, 1901.

Equitable petition. Before Judge Smith. Montgomery superior court. November 14, 1900.

A demurrer to the petition of Gillis to enjoin the Hilton and Dodge Lumber Company from cutting and removing timber from a land lot, and for the recovery of damages for acts of trespass alleged to have been committed on the land, was sustained, and the plaintiff excepted. The grounds of the demurrer were: that no cause of action was stated; that the petition did not show the residence of the defendant; that it did not show perfect title in the plaintiff; that there was not attached to it an abstract of the plaintiff's title, stating name of grantor and grantee, date, consideration, and description of the property, names of witnesses, and when and where recorded; and that insolvency of the defendant was not alleged. The petition, as amended, alleges that the plaintiff is the true and lawful owner of the land lot, described by its number, the district and the county (Montgomery), and as containing 202½ acres, more or less; that on February 9, 1891, the land was conveyed by William Pritchett to H. T. Wright by a deed under which Wright entered into actual possession of the land immediately, in good faith, and cultivated a part of it, and held it continuously to June 4, 1895, at which time he executed a deed for it to Mary S. Wright who immediately entered into actual possession of the land in good faith, and held, cultivated, and occupied it under said deed continuously in good faith to November 30, 1898, at which time, for a sufficient valuable consideration, she sold and conveyed it to the plaintiff by a deed under which he immediately entered into actual possession of the land in good faith, and has held the land and cultivated a

part of it continuously ever since that date; and he therefore avers that he and those under whom he claims have been in the actual possession of the land continuously, legally, uninterruptedly, and in good faith, for a period of more than seven years prior to the filing of the suit (September.19, 1899) and to the commission of the trespasses; that on July 1, 1899, the Hilton and Dodge Lumber Company, which is a corporation chartered by the authority of this State, "having an agent and an office in said county, and transacts business at its office in said county," being engaged in running a sawmill and manufacturing lumber, entered upon said land by its agents, without the consent of the plaintiff, and cut and deadened a large number of trees growing on the land, to the plaintiff's damage in a sum stated, and, unless enjoined, will soon fell and carry away the trees; and that the defendant has no title or claim to the land or the timber.    Attached to the petition is a copy of the deed of Mary Wright to the plaintiff, which is a warranty deed in the usual form, describing the land as described in the petition.    Also attached is an abstract of title, as follows:    " 1. Deed from Wm. Pritchett to .H. T. Wright, conveyed the said land to said Wright; consideration $150.00; executed in Montgomery county 9th February, 1891. Witnesses: W. T. Rhodus, T. J. Pritchett.    Probated and recorded Oct. 26th, 1893.    2. Deed from H. T. Wright to Mary S. Wright, conveying said land to Mary Wright; consideration $200.00; executed in Montgomery county 4th June, 1895.    Witnessed by W. L. Clark and J. C. McAllister, Clerk Supr. Ct. M. C., and recorded 4th June, 1895."

*E. D. Graham* and *W. B. Kent*, for plaintiff.

COBB, J.    1. The allegations of the petition were sufficient to authorize a recovery by the plaintiff against the defendant for the acts of trespass referred to therein, and, as against a general demurrer, the petition set forth a cause of action.

2. It is indispensably necessary in an application by the owner of timber, for an injunction to prevent the cutting thereof, that the applicant should allege at least one of three things: that he has a perfect title either to the timber or the land on which it is situated, within the meaning of Civil Code, § 4927, attaching to his petition the abstract of the title required by that section; or that the defendant is insolvent; or that the damages will be irreparable.   See

*Jenkins* v. *Carmen,* 112 *Ga.* 476, and cases cited; *Camp* v. *Dixon,* 112 *Ga.* 872. It is not, however, necessary, in a petition claiming damages on account of the cutting of timber which has already been done, that the plaintiff should show that he is the holder of such a perfect title as is referred to in that section, nor is it necessary that he should attach any abstract of his title to the petition. All that is necessary in reference to this matter are averments showing that he was the owner of the timber at the time of the alleged trespass, and had such a title thereto as would authorize him to recover the land upon which it was situated, in an action of ejectment, if he was the owner both of the land and the timber, or, if owner of the timber only, such a title thereto as would authorize him to recover the same after it was severed from the land, in an action of trover. The petition in the present case was filed for two purposes: first, to obtain damages for timber which had been cut; second, to obtain an injunction to prevent the future cutting of timber. Even though the allegations of and exhibits to the petition were not sufficient to authorize the granting of an injunction, the averments of the petition in reference to past acts of trespass were sufficient to authorize a recovery by the plaintiff; and the court erred in dismissing the case on the ground that the plaintiff had not shown a perfect title as required by the section of the code above cited, nor attached to his petition the abstract of title required by that section. The failure to allege that the defendant was insolvent, or that the damages would be irreparable, was, of course, no sufficient reason for dismissing that part of the petition which claimed damages on account of the acts of trespass. Besides, these grounds of demurrer related solely to that part of the petition which prayed for an injunction, which does not appear to have been insisted on at the hearing. Although a petition as originally drawn prays for extraordinary relief, still, if the right to such relief is not insisted on, there is no good reason for dismissing that part of the petition relating to the ordinary relief prayed for, if the allegations as to this matter are sufficient to authorize the plaintiff to recover. See *Teasley* v. *Bradley,* 110 *Ga.* 497, 506.

3. One ground of the demurrer was that the petition failed to show the residence of the defendant. It was distinctly alleged that the defendant was a corporation of this State, and that the trespass complained of was committed in the county where the suit was

brought. The Civil Code, § 1900, provides that "suits for damages, because of torts, wrongs or injury done," against a corporation chartered by authority of this State, may be brought in the county where the cause of action originated. The allegations were sufficient to show that the court in which the suit was brought had jurisdiction of the case.

*Judgment reversed. All the Justices concurring.*