### BLALOCK *v*. THOMAS, administrator.

No. 8976. FEBRUARY 17, 1933.

*H. B. Moss*, for plaintiff. *Tye, Thomson & Tye*, for defendant.

RUSSELL, C. J. This is a case in which the defendant moved for a nonsuit, and the court, after hearing argument on the proposition, instead of sustaining the motion, directed the jury to find a verdict in favor of the defendant. This was directing a verdict of the judge's own motion. The correctness of the court's judgment is challenged by a direct bill of exceptions. It is true, as pointed out by counsel, that there appear in the record a number of instances where the testimony in behalf of the parties is in direct conflict; and had there not been other controlling facts in the record as to which there was no issue to be submitted, and which nevertheless

were so conclusive as to demand the verdict which the court directed the jury to return, the failure to submit the contested issues would have been error, as urged by counsel with so much zeal and ability.

The action is a statutory complaint for about five acres of land designated by a survey and plat, which was formerly owned by Blalock, the father of the plaintiff. The plaintiff's father lived on the tract until sometime in 1898, when he moved to a place a few miles away, but put in possession his grandson as his agent, who remained on the property from that time until two or three years after the death of the elder Blalock; and according to the plaintiff's testimony, "my sister lived out in this neighborhood . . after Jesse [the grandson] left and went back; she seen over the place after he went back to where my father died; she lived right there next door, and I saw her in possession of that land." The plaintiff's father died in 1901; and it is contended that, as there was no administration of his estate, the statute would be tolled one year and would not begin to run against the plaintiff until 1906; and that, as the plaintiff began this action in 1925, no prescription against him could have accrued. We think the plaintiff has misconstrued the defense. The defendant did not rely upon prescription by possession for twenty years, but sought to prescribe by showing seven years adverse possession of the premises under written evidence of title. Let it be conceded that the plaintiff's father bought the land in 1866, and that he got perfect title, and that he was in possession of the land for forty years. The fact that he had original title followed by forty years possession would not have entitled the plaintiff to recover if he had not been in possession for nineteen years, and in the meantime another had come into possession of the land bona fide and under written evidence of title and had remained in possession more than seven years. The plaintiff must recover upon the strength of his own title; not upon the weakness of the title of his adversary. The fact that one who had once been in possession of land sued to recover that possession within nineteen years might entitle him to recover against a defendant in possession who had no written evidence of title and who relied alone upon prescription arising from adverse possession for a period of twenty years. But that a prescriptive possession of this character is inferior to seven years possession under written evidence of title has been held by this court more than once. "This action is not predicated upon the

debt, but upon the legal title to the land and the right of possession of the persons holding that title. . . As long as the legal title remains in Doris, or his heirs, and there is no better title in the persons in possession, the holder of the legal title is entitled to recover the possession of the land." *Doris* v. *Story,* 122 *Ga.* 611, 614 (50 S. E. 348). "The plaintiff, as has been stated previously, recovers on the strength of his own title, and not on the weakness of the defendant's. The defendant, therefore, though he may successfully defend by showing title in himself, is not obliged to do so; he may, in the ordinary cases we are now discussing, just as successfully defend by showing title paramount to the plaintiff's, outstanding in a third person. Ordinarily he may defend upon the title of any outsider; but not always." Powell's Actions for Land, § 159. "The possession of the defendant is a protection against all who seek to disturb it until the true owner comes to assert his right. To him the defendant is answerable for mesne profits. And it is enough for him to show that the party suing is not the true owner, but that the paramount title is outstanding in another. This principle is hoary with age. We bow to it reverently." *Sulton* v. *McLeod,* 29 *Ga.* 589, 594. Conceding that the plaintiff or his father at one time and for a long period had perfect title to the land involved in this case, the effect of the prescription claimed by Thomas, the defendant in possession under his written evidence of title, is not merely to bar the right of entry, but also to extinguish the former title. It creates a new title paramount to that derived from the State. Hence the defendant may show that he has acquired a title by prescription paramount to the plaintiff's. Powell's Actions for Land, § 160, note. And whatever doubts may formerly have existed as to whether the defendant may prove prescription under the general issue, it was so ruled in effect in *Payne* v. *Ormond,* 44 *Ga.* 514 (4), as pointed out by Judge Powell. In all complaints for land, the nature of the proof to be offered under the general issue depends upon the nature of the proof that has been offered in the establishment of the plaintiff's prima facie case. In the present case, it appearing that the plaintiff had not been in possession for several years, it was the right of the defendant to show that by his prescriptive title the former existing title had been extinguished. The contention of the plaintiff is that his title is still existent, because suit was brought within nineteen years; and, as we have already stated, had there

been no other proof upon that point it may be that the plaintiff might have been entitled to recover. But it is not necessary to decide in this case whether the plaintiff's case was sufficiently strong to entitle him to recover upon the strength of his own title, in accordance with the well-known rule to which we have referred. The defendant's evidence showed that whatever title the plaintiff may have had, it had been extinguished, and this evidence was not rebutted. For that reason, all of the conflicts in the evidence to which counsel refers became immaterial; and the proof from various witnesses, some of them introduced by the defendant, as to the long prior possession of the plaintiff's father, are powerless to subvert the irresistible conclusion. The plaintiff's title, whatever it may have been, had been extinguished by the uncontradicted evidence as to the defendant's possession for seven years under written evidence of title. Had the case been submitted to a jury, and had they believed alone the evidence in behalf of the plaintiff, it would have availed him nothing except to lead the jury to the conclusion that his father once had a perfect title to the land in dispute; but since it was shown by uncontradicted evidence that that title was extinguished as a matter of law, it would have been a mere formality to send it to a jury, and the court very properly directed the verdict.

We are cited the case of *Paxson* v. *Bailey,* 17 *Ga.* 600, in which it was ruled that "adverse possession is usually a mixed question of law and fact—whether the facts exist which constitute adverse possession is for the jury to judge." As we have pointed out in this case, the evidence as to the defendant's possession for more than seven years prior to the institution of this action was uncontradicted.         *Judgment affirmed. All the Justices concur.*