18993. McCRAY *et al. v.* CAVES.

CANDLER, Justice. On June 27, 1908, and for "love and affection" as the consideration therefor, Henry F. McCray conveyed a described tract of land to Mrs. Georgia McCray, his wife, "for and during her natural life with remainder over in fee simple, and at her death to the heirs of her body by said first party now in life and hereafter born to her by said first party." Immediately following its descriptive averments, the deed recites: "But this deed is intended to convey a life estate only in said property to the said second party and at her death to the issue of her body by said first party, but should said second party cease to be

the wife or widow of said first party then in that event she forfeits her right to a life estate and the above described property becomes the property of the issue of said second party by said first party." Alleging themselves to be the only children of the grantor and the grantee, the plaintiffs brought this suit for land and mesne profits against the defendant, their mother. They also prayed for an injunction to prevent further cutting and removal of timber from the land by her and for other equitable relief. The petition alleges that the defendant, after the death of Henry F. McCray, first married John Ricketson during 1913 and then T. E. Caves on July 14, 1920; that the defendant's estate for life or during widowhood in the land sued for terminated in 1913 upon her remarriage; that she is now holding possession of it wrongfully and is illegally receiving the rents and profits therefrom, which amount to $1,500 annually; and that she refuses to deliver possession of it to the plaintiffs. An amendment to the petition alleges that the defendant, since her remarriage in 1913, has had possession of the premises sued for by express permission of the plaintiffs. The amended petition was dismissed on general demurrer, and the exception is to that judgment. *Held:*

1. A petition which states a cause of action for any of the relief sought should not be dismissed on a general demurrer going to the pleading as a whole. *Price* v. *Price,* 205 *Ga.* 623 (1a) (54 S. E. 2d 578), and citations.

2. There is no merit in the contention that the deed in question vested an indefeasible life estate in the defendant. In construing deeds, the court must look to the whole instrument to ascertain the intention of the parties. Code § 29-109. "In the construction of deeds, as well as other contracts, the paramount, essential and controlling rule is to ascertain the intention of the parties. If that intention is plain from the language of the deed as a whole, and the intention contravenes no rule of law, it should be given effect regardless of mere literal repugnances in different clauses of the conveyance." *Keith* v. *Chastain,* 157 *Ga.* 1 (121 S. E. 233); *Guess* v. *Morgan,* 196 *Ga.* 265 (26 S. E. 2d 424), and citations. So construed, it is clear that the deed here involved vested an estate for life or during widowhood in the defendant; an estate which divested upon her remarriage. See, in this connection, *West* v. *Randle,* 79 *Ga.* 28 (3 S. E. 454); *Thurmond* v. *Thurmond,* 88 *Ga.* 182 (14 S. E. 198); *Henderson* v. *Sawyer,* 99 *Ga.* 234 (25 S. E. 312); *Huie* v. *McDaniel,* 105 *Ga.* 319 (31 S. E. 189). *Daniel* v. *Veal,* 32 *Ga.* 589, was decided in 1861, prior to the time when the Code went into operation. See *Maxwell* v. *Hoppie,* 70 *Ga.* 152, 161.

3. Under Code § 85-712 and the rulings in *Snider* v. *Newsom,* 24 *Ga.* 139, *Doyal* v. *Smith,* 28 *Ga.* 262, and *Logan* v. *Hammond,* 155 *Ga.* 514 (117 S. E. 428), it is settled that an estate to vest only during widowhood may be lawfully created in this State. In *Snider's* case, it was said: "The estate, during widowhood, is as old as the common law. Such an estate is precisely equivalent in import to an estate to a widow for her life on condition that she does not marry again."

4. The statute of limitations does not apply to suits to recover land, lapse of time being only available in aid of any prescriptive title which the defendant may set up. *Doris* v. *Story,* 122 *Ga.* 611 (50 S. E. 348); *Hughes* v. *Purcell,* 135 *Ga.* 174 (7) (68 S. E. 1111); *Blalock* v. *Thomas* 176 *Ga.* 407, 409 (168 S. E. 13). In this case the petition alleges that the

defendant's estate for life or during widowhood in the land sued for terminated in 1913 on her remarriage, and that she has since been in possession of it by express permission of the plaintiffs. For purposes of the demurrer these allegations are treated as true, and they negative any prescriptive title in the defendant. Hence, there is no merit in the contention that the plaintiffs' action is a stale demand, or that the allegations of the petition affirmatively show that the defendant has a valid prescriptive title to the property involved.

5. In this case the plaintiffs allege that they are the true owners of the land sued for and the timber thereon, which is being wrongfully cut and removed by the defendant, an insolvent person. These allegations are sufficient to state a cause of action for injunctive relief. *Gillis* v. *Hilton & Dodge Lumber Co.*, 113 *Ga.* 622 (2) (38 S. E. 940).

6. Since the petition sets forth a cause of action for some of the relief sought, it was error to dismiss it on general demurrer.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 13, 1955—DECIDED JULY 12, 1955—REHEARING DENIED JULY 25, 1955.

*Gibson & Maddox,* for plaintiffs in error.

*H. J. Quincey, C. W. Heath,* contra.