## HENDERSON *et al. v.* SAWYER.

*Simmons, C. J.*—1. Since the adoption of the code, a mere repugnance in words will not authorize a court to hold that there is a real repugnance in a deed, and consequently to annul the latter of two inconsistent clauses therein, when the actual intention of the maker, viewing the instrument as a whole, can be arrived at without serious difficulty. Code, §2755; *Thurmond* v. *Thurmond*, 88 *Ga.* 182; *Bray* v. *McGinty*, 94 *Ga*, 192, and cases cited; *Rollins* v. *Davis*, 96 *Ga.* 107.

2. Accordingly where premises described in a deed were thereby "granted, bargained and sold" to a named person, "her heirs and assigns," "to have and to hold unto her . . and the heirs she may have by" one Baker, her husband, "her Baker heirs," "to them and their own proper use, benefit and behoof, forever in fee simple," the effect of such deed was to convey the title to the grantee named and her three children in life when it was executed, as tenants in common.     *Judgment reversed.*

July 13, 1896. By two Justices.

Complaint for land. Before Judge Smith. Twiggs superior court. October term, 1895.

The three children of Mrs. Baker brought their action for the recovery of an undivided three fourths interest in certain land. It was admitted that both plaintiffs and defendant claimed under a deed from one Bryant to Mrs. Baker, bearing date October 25, 1876, whereby, in consideration of $2,000, the grantor "hath granted, bargained, sold, and by these presents doth grant, bargain, sell and

convey unto the said Mary A. M. Baker, her heirs and assigns," the land in question, "to have and to hold said parcels of land unto her the said Mary A. M. Baker and the heirs that she may have by Solomon Baker (her Baker heirs) and assigns, with all the rights and appurtenances belonging to them and their own proper use, benefit and behoof, forever in fee simple." Mrs. Baker is yet living, and the plaintiffs are the only children of her and Solomon Baker. They were born in 1860, 1865 and 1870.

The court granted a nonsuit upon the ground that plaintiffs did not take anything under the deed, the words in the *habendum* being inconsistent with the grant in the premises to Mrs. Baker, and therefore void.

*L. D. Moore*, for plaintiffs.
*Ryals & Stone*, for defendant.