MRS. M. E. FORTUNE v. HAL HUNT ET AL.

(Filed 27 May, 1910.)

1. **Deeds and Conveyances—Estates in Remainder—Remainderman —Direction to Pay Moneys—Interpretation of Deeds.**

A deed conveying for the consideration of $800 lands to E., the widow of A., "during her widowhood, then to her children, the heirs of A.," and in the warranty clause, "to said E. during her lifetime or widowhood, then to the said heirs of her husband, A., forever," directing payments to be made by W., one of the sons, a remainderman, in various amounts to certain of his brothers and sisters, and this being done, "the lands above described to belong to W. and his heirs forever," at the death of E., the life tenant: *Held,* (1) the children took as heirs in fee simple; (2) the warranty clause will be construed so as to vest in W. his part of the remainder interest in the lands upon the payment of the sums directed, and not to contradict the express

.terms of the deed by giving the interests of all the remaindermen to him upon his so doing; (3) should the payment by W. of the various sums directed be construed to cancel the previous parts of the deed, his failure to pay said charges for forty years would bar. his recovery in this case.

2. Deeds and Conveyances—Repugnant Clauses—First Controls—Interpretation of Deeds.

When there are repugnant clauses in a deed, the first clause will control.

3. Appeal and· Error—Partition—Costs—Discretion.

The taxing of costs among the parties to proceedings to partition land is left in the discretion of the court, and will not be reviewed on appeal. Revisal, sec. 1267 (7).

WALKER, J., and HOKE, J., concur in result.

APPEAL by defendants from *J. S. Adams, J.,* at February Term, 1909, of RUTHERFORD.

The facts are sufficiently stated in the opinion of the Court.

*McBrayer & McBrayer* for plaintiff.
*J. M. Carson* for defendant.

CLARK, C. J. This is a petition for partition, transferred upon "issue of title" joined to· the Superior Court. The deed executed in 1870 recites that in consideration of $800 the grantor conveys the property to "Elizabeth Hunt" (who was the widow of grantor's son, Alferia Hunt) "during her widowhood, then to her children, the heirs of said Alferia Hunt." Said children took "as heirs" in fee simple, for in the warranty clause the grantor warrants the premises to "said Elizabeth Hunt, during her lifetime or widowhood, then to the said *heirs of her husband,* Alferia Hunt, *forever,* in the following manner, to wit, William Hunt is to pay $50 to E. S. Hunt, $50 to John Hunt, $5 to Collace Hunt and to the heirs of my daughter Elizabeth Hunt, namely, Alsaline and Sarah Hunt, $50. The above obligation being filled, the lands above described to belong to William Hunt and his heirs forever."

It will be noted that the life tenant paid $800. It is to be presumed that the remainder, given by the grantor to his grandchildren, was worth much more. It is unreasonable to suppose that the grant to them in the conveying clause is revoked by .the warranty clause, or that immediately after the warranty clause warrants the premises to "the heirs of Alferia Hunt *forever,"* it should immediately deprive them of it in favor of William Hunt upon payment by him to Collace Hunt of $5, on payment to A. W. Hunt of nothing, on payment to Elizabeth Hunt of $50, and $50 to her daughters. It is true that the warranty clause says that ·on payment of above sums "the

*lands above described* to belong to William Hunt and his heirs forever." But if this is strictly construed, *au pied du lettre,* it gave to William Hunt the life estate of the widow as well as all the five shares of the remaindermen. This would contradict the entire conveying clause and all the first part of the warranty clause, both of which gave the land to the mother for life, with remainder to the five "heirs." The true meaning is, of course, that upon payment by William of the $155, William Hunt's interest in the lands, as already "described," is to go to him. The grantor was evidently charging his share with said $155, which $155 it is not even claimed that he has ever paid, though the deed was made forty years ago, and the other heirs have not sought to make him pay it, even now. Had the clause meant to cancel all the previous parts of the deed, William and his heirs are barred by the delay for forty years to pay the $155 and take the property.

We think his Honor correctly held that this conveyance was to the widow for life, with remainder to the five children named, "heirs of Alferia" (the deceased son of grantor), in fee simple; and one of them (John) being dead without issue, and the life tenant being lately deceased, the proceeds of the sale were properly decreed to be divided into four shares, the heirs or assignees of each of the four taking one-fourth, as recited in the judgment. The recital in the warranty does not vitiate the conveying clause. It was a crude attempt to charge William Hunt's share with payment of the sundry amounts set out, but there is no judgment charging said sums, and neither side excepts. If there are repugnant clauses in a deed, the first will control. *Wilkins v. Norman,* 139 N. C., 40.

Rev., 1268 (7), provides that "all costs and expenses" in partition proceedings, whether by sale or actual division, shall be "taxed against either party or apportioned among the parties, in the discretion of the court." The taxation of costs is therefore irreviewable. The judgment is, in all respects,

Affirmed.

WALKER, J., and HOKE, J., concur in result.