· PARKER, guardian, *v.* SMITH.

LUMPKIN, J.  1. If two clauses in a deed be utterly inconsistent, the former must prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect.  Civil Code (1910), § 4187; *Bray* v. *McGinty,* 94 *Ga.* 192 (21 S. E. 284).

2. An owner of personal property, having three living children, and two grandchildren, the children of a deceased child, executed certain instruments each having the general form of a deed and attested as such.  In each of them she recited that she was getting old and was desirous of having all of her business affairs fully settled during her lifetime, and of making division of all her property between her three children and her two grandchildren.  She set out the property held by her, consisting of certain promissory notes, and· conveyed to each of her children a one-fourth interest, providing for certain adjustments.  The conveyance to the two grandchildren was of the same character; except that it provided that they should receive an undivided interest in a certain note for about $30,000, equivalent to an undivided one-fourth interest in the entire estate.  It then contained the following clauses: "It is herein provided that as soon as their share of said note is collected, it shall be divided into equal parts and placed in some good and solvent bank or banks in their respective names, and there remain drawing interest, compounded in accordance with the custom of such bank or banks, until each shall reach majority, at which time each shall receive his or her portion with the accumulated interest; this not being subject to draft or investment by their guardian.  This Henderson note is in possession of J. D. C. Smith, and it is the desire of the first party hereto that he hold such for collection, and for the purpose of carrying out the provisions of this and other deeds made and delivered this day." ' The deeds to the other grantees contained a clause in regard to the carrying into effect of the deed by Smith, but not the other clause above quoted.  *Held,* that this instrument created a trust in Smith for the benefit of the grandchildren, who were minors; and that the trust did not become executed during their minority so as to authorize the minors or a guardian on their behalf to recover from the trustee so appointed the undivided interest in the note given for their benefit, or its proceeds, if collected.  *Maxwell* v. *Hoppie,* 70 *Ga.* 152; *Johnson* v. *Cook,* 122 *Ga.* 524 (50 S. E. 367).

3. Accordingly, there was no error in refusing to grant an application for an interlocutory injunction, made by a guardian of the minor children against the trustee so appointed, restraining the latter from exercising further control over the funds of the ward or from withdrawing such funds from bank, or receiving them from any other person with whom they might be deposited.

(*a*) The presiding judge, with the consent of the trustee named, required the latter to give bond for the faithful performance of his duty.

*Judgment affirmed. All the Justices concur.*
NOVEMBER 11, 1913.

Petition for injunction. Before Judge Thomas. Tift superior court. July 1, 1913.

*Hendricks & Hendricks,* for plaintiff.

*W. D. Buie,* for defendant.