# CASES

DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## OCTOBER TERM, 1923

### KEITH *et al. v.* CHASTAIN *et al.*

1. In the construction of deeds, as well as other contracts, the paramount, essential, and controlling rule is to ascertain the intention of the parties. If that intention is plain from the language of the deed as a whole, and the intention contravenes no rule of law, it should be given effect regardless of mere literal repugnancies in different clauses of the conveyance.

2. The word "children" is a word of purchase and not of limitation, and a conveyance to a husband and wife and "to their children" carries title in fee simple to such children of the husband and wife as are in esse at the time of the conveyance, as tenants in common with their parents, even though such children are not designated by their names.

3. It follows that where a father, in the granting clause of a deed, conveyed to his daughter and her husband certain described premises, therein reciting that by far the greater portion of the consideration had been given to the parties of the second part as his children, but in the habendum et tenendum declared the deed to be for the use, benefit, and behoof, forever in fee simple, "to them and to their children," there was manifested a plain intention on the part of the grantor to place his grandchildren, then in esse, on the same footing with his daughter and son-in-law, which cannot be disregarded under the well-settled ruling announced in the first headnote.

No. 3653. DECEMBER 11, 1923. REHEARING DENIED JANUARY 28, 1924.

Equitable petition. Before Judge Blair. Forsyth superior court. February 20, 1923.

The following is a copy of the material parts of the deed in question:

"This indenture, made this twenty-second day of December, eighteen hundred and seventy-five, between Samuel Stephens of the first part, and Andrew L. Keith and his wife, Eliza Ann H. Keith, of the second part, all of the county and State aforesaid, witnesseth: That for and in consideration of the sum of twenty-five hundred dollars to the said party of the first part paid, the receipt whereof is hereby acknowledged, that is one hundred and fifty dollars paid by A. L. Keith and twenty-three hundred and fifty dollars given to them, the said parties of the second part, as the children of the said party of the first part, hath bargained, sold, and conveyed unto the said parties of the second part all of the following tracts of land, except all mines and mineral and full mining privileges, namely: [describing seven lots containing two hundred acres of land in the fourteenth district and first section of Forsyth County]. To have and to hold to them and to their children and assigns, to their own proper use, benefit, and behoof forever in fee simple; and the said party of the first part himself, his heirs and assigns, unto the said parties of the second part will warrant the right and title and forever defend the same against themselves and against the lawful claims of all other persons whatever."

The construction of the deed was the one issue for determination. It was agreed that whatever interest Mrs. Eliza Ann H. Keith had in the land in question has been divested by a sheriff's deed under a fi. fa. against her; and the petition in the present case was brought to procure an adjudication as to the interest of her children. It is admitted that these children have an interest in the land as heirs of their father, whose interest was not subject to the fi. fa. against their mother; but the question presented is whether these children originally took an interest for themselves under the terms of the deed from Samual Stephens. The trial judge held that the deed conveyed title only to Andrew L. Keith and Eliza Ann H. Keith, and, accordingly, that Claud Chastain had title to a thirteen-twenty-fourths undivided interest in the land described in the petition, as the former property of Eliza Ann H. Keith purchased by him at sheriff's sale, and that W. A. Fields was the owner of a one-twenty-fourth interest in the land, as the share of J. Looper Keith, purchased by said Fields at sheriff's sale under an execution against J. Looper Keith. The present writ of error challenges the correctness of the judgment of the lower court.

*H. H. Perry* and *J. G. Collins,* for plaintiffs.

*Charters, Wheeler & Lilly,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) It appears in the decree that it was agreed by all parties that their respective interests depended on the construction of the deed from Samuel Stephens, and the determination of the question whether Andrew L. Keith and his wife, Eliza Ann H. Keith, alone took title to the land conveyed, or whether those children of Andrew L. Keith and his wife, Eliza Ann H. Keith, which were in esse, also took title in common with their parents. It is insisted by learned counsel for the defendant in error that only Andrew L. Keith and Eliza Ann H. Keith are mentioned as parties of the second part, and that the grant is to the parties of the second part. Likewise, that the warranty is to the parties of the second part. It is insisted that Andrew L. Keith and Eliza Ann H. Keith took the property in fee simple—an undivided one-half each; and that there are certain fixed principles, such as that where there are repugnant clauses in a deed the first must prevail, that the grantees must be certain and definite, and that the office of the habendum clause is to define the estate which the grantee has in the property granted, and that it cannot be repugnant to the estate granted in the premises. Blackstone is cited (Book B, p. 241) to support the proposition that after an estate in fee has been conveyed in the grant, it cannot afterwards be taken away or divested in the habendum clause. As we understand it, the contention of the defendants in error is that the deed from Samuel Stephens passed the estate in fee simple to Andrew L. and Eliza Ann H. Keith of an undivided one-half each, and that the grantor could not divest that estate by the habendum clause, even if he had used apt words and had named the persons composing the heirs. To support this proposition are cited 18 C. J. 175; *Lane* v. *Cordell,* 147 *Ga.* 101 (92 S. E. 887); *Pace* v. *Forman,* 148 *Ga.* 507 (97 S. E. 70); *Parker* v. *Smith,* 140 *Ga.* 789 (80 S. E. 12); *Ewing* v. *Shropshire,* 80 *Ga.* 374 (7 S. E. 554); *Whatley* v. *Barker,* 79 *Ga.* 790 (4 S. E. 387); *Huie* v. *McDaniel,* 105 *Ga.* 319 (31 S. E. 189); *Henderson* v. *Sawyer,* 99 *Ga.* 234 (25 S. E. 312). We think the court erred in sustaining this contention; and that these children of Mr. and Mrs. Keith who were in life on December 22, 1875, took equally with their parents a title in fee

simple to the land of which the tract now in question is admitted to be a part.

Section 3659 of the Civil Code declares that "The word 'heirs,' or its equivalent, is not necessary to create an absolute estate; but every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. If a less estate is expressly limited, the courts shall not, by construction, increase such estate into a fee, but, disregarding all technical rules, shall give effect to the intention of the maker of the instrument, as far as the same is lawful, if the same can be gathered from its contents; and if not, in such case the court may hear parol evidence to prove the intention." Also, it is provided in section 4187 that "If two clauses in a deed be utterly inconsistent, the former must prevail; but the intention of the parties, from the *whole* instrument, should, if possible, be ascertained and carried into effect." "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." § 4266. Also: "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." § 4268 (3). The requirement that the intention of the parties should be given effect in the construction of a contract is so fundamental in this State that the foregoing code sections cannot be overlooked, despite the old rule that later parts of a deed, if conflicting with earlier clauses, must yield thereto, and despite a mere apparent conflict which is easily reconciled when the instrument is considered as a whole. It is true that in the premises Andrew L. Keith and his wife, the daughter of the grantor, are alone mentioned as parties of the second part, and it is true that these parties of the second part are alone mentioned in the warranty; but when it appears from the recital in the deed itself that the tract of land, comprising a number of land lots, was valued at $2,500, of which only $150 was paid and $2,350 given because the grantor held them his children, and then the grantor uses the statement in the habendum clause, "To have and to hold to them and to their children," it is plainly to be seen that the grantor had in mind his grandchildren, and that he intended to

modify the former statement in the premises by an amplifying and identifying grant in the habendum.

If we construe the deed as a whole, as is required by section 4187 of the Code of 1910, the words "to their children" cannot be disregarded or eliminated. If regarded at all, they show a clear intention to include the children as beneficiaries on an equal footing with their parents to whom this land was almost wholly given. It was not necessary to name these children. The word "their" identified them as all the children of the two persons named, Andrew L. and Eliza Ann H. Keith, who were then in esse. *Loyless* v. *Blackshear*, 43 *Ga.* 327; *Estill* v. *Beers*, 82 *Ga.* 612 (9 S. E. 596). It is true that the usual office of the habendum is to define the *estate* which the grantee is to have in the property granted. 18 C. J. 187. The habendum may lessen, enlarge, explain, or qualify the estate, and usually its purpose is confined to the estate granted those named as grantees in the premises; but after all, it is only a part of the same piece of paper upon which the contract is written, and there is no reason why an additional grantee (whose estate or quality of interest is the same as those named in the premises) should not be let in and participate in the conveyance. Numerous such cases can be found in the books. If the instrument before us had stopped with the granting clause, there would be no question that, as held by the trial judge, the title would have vested in fee in Andrew L. Keith and his wife; in the habendum, however, the grantor provides that the parties of the second part are to "have and to hold to them and *to their children* and assigns." This expressly, in plain words, indicates an intention, and cannot be ignored. This was a domestic transaction. It is to be presumed that the affection of 'the grantor and also of the grantees as named extended to "the children," and that naturally both sides had them in their hearts and minds when the terms of the deed were agreed on. The intention to include the children as beneficiaries as a part of the objective aimed at in the execution of the deed is unmistakable. The expression is "to them and *to* their children," and "children" is a word of purchase, not limitation, if there are children in esse.

In *Ewing* v. *Shropshire*, supra, 385, Chief Justice Bleckley said: "We think that since the code, the same as before, a gift or grant to one and his or her children, there being children then in esse, will convey an absolute fee, not to the parent alone, but to the

parent and children in common. See *Chess-Carley Co.* v. *Purtell,* 74 *Ga.* 467. We are satisfied that 'children' is now as broadly and generally a word of purchase as it ever was, and that when the extrinsic condition formerly required, namely the existence of children or a child, is present, it is no less a word of purchase touching the first or only estate granted, than in respect to limitations over." Under the strict technical rules prevailing in Blackstone's time, and even later, anything in the later part of a deed seemingly repugnant to the first part would be thrown out; but the trend of modern times is to disregard the doctrine of repugnant clauses, and to look with jealous care for the intent as evidenced by the language of the instrument as a whole. In *Huie* v. *McDaniel,* supra, it was said: "The cardinal rule of construction of deeds, as well as other contracts, is to ascertain the intention of the parties. If that intention be clear from the deed and circumstances of the transaction and contravenes no rule of law, it should be enforced, notwithstanding there might be mere literal repugnancies in different clauses of the conveyance. It follows from the above, that where a father in the granting clause of a deed conveys to his daughter, 'her heirs and assigns,' a certain tract of land, and afterwards in the habendum clause the conveyance is enlarged by words to have and to hold said land and its appurtenances unto the daughter and her two children, naming them, 'made equal as heirs,' the real intention of the parties to the conveyance is to pass an estate in common to the daughter and the other two named persons." We think the present case is practically controlled by the *Huie* case, in which the court, after holding that the word "heirs" alone was not sufficient to convey title also to grantee's children, said that the grantor had the right to designate in the deed what he meant by "her heirs," and that he did this in the habendum clause by specifying the names of his grandchildren made equal as heirs.

As we have shown by the *Loyless* and *Estill* cases, supra, it is not essential that children in esse be named, if they are otherwise sufficiently identified. In the *Huie* case, supra, Judge Lewis, speaking for the court, proceeds to say: "The question arises, shall the real intention of the grantor, as manifested by his writing, be respected by the courts, or shall it be ignored in a literal and rigid enforcement of the ancient rule, that of two repugnant clauses in a deed the latter must yield to the former? We can see no sound

reason why any different rule of interpretation of words in a deed should prevail from what would ordinarily govern in cases of other contracts. Were this an ordinary contract, the entire instrument would be so construed together as to make all its parts stand, if possible, and to carry out the real intention of the contracting parties. . . This cardinal rule of construction has several times by this court been applied to deeds in cases where repugnant clauses existed in them. In *Thurmond* v. *Thurmond, 88 Ga.* 182, a deed, in its granting, habendum, and warranty clauses, by its terms conveyed the absolute fee-simple title to land to certain grantees named. Following the warranty clause was a provision in the deed that at the death of one of the grantees, his interest in the land should go to certain other parties named. It was held in that case, in effect, that the intention of the grantor being to limit the estate taken by one of the grantees named in the first part of the deed, such intention should be carried into effect, notwithstanding a mere literal repugnancy in the several clauses of the conveyance. See also *Henderson* v. *Sawyer, 99 Ga.* 234, and the cases there cited."

In *Cobb* v. *Wrightsville & Tennille R. Co., 129 Ga.* 377 (58 S. E. 862), it was held: "Where the granting clause of a deed set out a grant to a woman, 'her heirs and assigns,' and the habendum clause was 'to have and to hold . . unto the said [woman], her heirs and assigns forever, in fee simple, and after her death to such child or children as she may have by [a named man], share and share alike,' such deed created a life-estate in the woman, with remainder to such children as she might have by the man named." See also *Rollins* v. *Davis, 96 Ga.* 107 (23 S. E. 392) ; *Collinsville Granite Co.* v. *Phillips, 123 Ga.* 830 (51 S. E. 666) ; *Gilreath* v. *Garrett, 139 Ga.* 688 (77 S. E. 1127).

In this State the intention of the parties is the cardinal rule for construing deeds, as well as other instruments, and substance rather than technical nicety in the location of clauses must control. It is agreed that there were six children in life at the time Mr. Stephens made the deed, and therefore the conveyance was to eight persons as tenants in common. Mrs. Keith acquired not a one-half undivided interest, but only a one-eighth; and the finding that she was entitled to thirteen twenty-fourths was based upon the fact that she inherited a one-twenty-fourth from her husband. She inherited from her husband, together with her children, her legal share

of his one-eighth interest, but she had only a one-eighth herself; consequently the finding of the court was error.

*Judgment reversed.   All the Justices concur.*