## SIMPSON *et al. v.* BROWN *et al.*

1. The cardinal rule for the construction of a deed is to ascertain the intention of the parties. The whole instrument is to be construed together, so as to give effect, if possible, to the entire deed, and in this way ascertain from its terms the real intention of the parties; and the construction which will uphold a deed in whole and in every part is to be preferred. One of the most important rules in the construction of deeds is to so construe them that no part or words shall be rejected. The courts lean to such a construction as reconciles the different parts, and reject the construction which leads to a contradiction.

2. A voluntary deed from a husband to his wife, in which the former "grants, gives, and conveys unto her, . . during her natural life," certain land, "to have and to hold the said above granted and described property . . to the only proper use, benefit, and behoof of the said party of the second part, his heirs, executors, administrators, and assigns, in fee simple; and the said party of the first part the bargained property above described unto the said party of the second part, her heirs, executors, administrators, and assigns, against the said party of the first part, his heirs, executors, administrators, and assigns, and against all and every person or persons, shall and will and does hereby warrant and forever defend," creates a life-estate in the wife, with remainder to the children of the grantor, the latter being children by a former wife living at the date of the deed, and there being no children by his second wife, the grantee in said deed.

3. The estate granted in the premises and habendum of a deed can not be changed into a different estate by the covenant of warranty. While the warranty clause can be resorted to in determining the intention of the grantor when the estate granted in the premises and in the habendum is ascertainable, it can not be enlarged or changed by the language of the covenant of warranty.

No. 5218.   JULY 15, 1926.

---

Deeds, 18 C. J. p. 252, n. 30; p. 256, n. 73; p. 257, n. 79; p. 258, n. 81, 83, 93, 94; p. 267, n. 25; p. 268, n. 36; p. 305, n. 36, 38; p. 334, n. 37, 38.

34

Equitable petition. Before Judge J. B. Jones. Hall superior court. November 5, 1925.

*W. N. Oliver* and *H. H. Perry,* for plaintiffs.

*E. D. Kenyon, W. V. Lance, W. P. Whelchel,* and *A. C. Wheeler,* for defendants.

HINES, J. Sallie Simpson et al. filed an equitable petition for partition of land, against Delia Brown et al. The plaintiffs claim title to the land as heirs at law of Nevil Bennett. Delia Brown claims title thereto under a deed from Nevil Bennett to his wife, Susan F. Bennett. This deed is dated January 19, 1899, and is "between Nevil Bennett and his wife, Susan F. Bennett." The granting clause is as follows: "Nevil Bennett, for and in consideration of the natural love and affection he has for his said wife, Susan F. Bennett, hereby grants, gives, and conveys unto her, the said Susan F. Bennett, during her natural life," certain described land. The habendum clause is as follows: "To have and to hold the said above granted and described property . . to the only proper use, benefit, and behoof of the said party of the second part, his heirs, executors, administrators, and assigns, in fee simple." The habendum is immediately followed by the following covenant of warranty: "And the said party of the first part the bargained property above described unto the said party of the second part, her heirs, executors, administrators, and assigns, against the said party of the first part, his heirs, executors, administrators, and assigns, and against all and every other person or persons, shall and will and does hereby warrant and forever defend." The trial judge held that said deed vested a life-estate in Susan F. Bennett, and after her death an estate in fee simple in her heirs; and directed a verdict in their favor. To this judgment the plaintiffs excepted. So the rights and title of the parties depend upon the proper construction of the foregoing deed.

1. The cardinal rule for the construction of deeds is to ascertain the intention of the parties. *Huie* v. *McDaniel,* 105 *Ga.* 319 (31 S. E. 189); *Keith* v. *Chastain,* 157 *Ga.* 1 (121 S. E. 233). "If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." Civil Code (1910), § 4266. The whole instrument is to be construed together, so as to give effect, if possible, to the en-

tire deed, and in this way ascertain from its terms the real intention of the parties. *Central R. Co.* v. *Macon,* 43 *Ga.* 605, 647; *Bray* v. *McGinty,* 94 *Ga.* 192 (21 S. E. 284); *Rollins* v. *Davis,* 96 *Ga.* 107, 109 (23 S. E. 392); *Henderson* v. *Sawyer,* 99 *Ga.* 234 (25 S. E. 312); *Huie* v. *McDaniel,* supra; *Baxter* v. *Mattox,* 106 *Ga.* 344, 350 (32 S. E. 94). The law strives so hard to carry out the intention of the parties to the contract that it will never resort to the doctrine of repugnant· clauses in a deed and declare the latter 'void, except in cases of absolute necessity. The doctrine of repugnant clauses is not favored. *Maxwell* v. *Hoppie,* 70 *Ga.* 152 (2); *Bray* v. *McGinty,* supra. If a deed can be read and applied to the subject-matter without necessarily giving inconsistent or irreconcilable meanings to the different portions of it, this ought to be done. *West* v. *Randle,* 79 *Ga.* 28 (3 S. E. 454). "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." Civil Code (1910), § 4268, par. 3. "One of the most important rules in the construction of deeds is to so construe them that no part shall be rejected. The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man's intention to contradict himself; therefore we should lean to such a construction as reconciles the different parts and reject the construction which leads to a contradiction." Goodtitle *v.* Gibbs, 14 Eng. Ruling Cases, 779. Furthermore, "Estates and grants by implication are not favored." Civil Code (1910), § 4268, par. 7.

2. What is the proper construction of the deed involved in this case? We do not think it necessary to resort to the doctrine of inconsistent clauses in order to arrive at the true construction of this instrument. We can not resort to this doctrine except in cases of absolute necessity, as we have shown above. In view of the rules of construction above set forth, we think this instrument grants to the wife an estate in this land during her natural life, with remainder to the heirs of the grantor after the termination of the life-estate. To give this remainder to the heirs of the grantee, and not to the heirs of the grantor, we have to strike out the word "his," before the word "heirs," in the habendum clause, and insert in lieu thereof the word "her," which will en-

tirely change the meaning of the habendum clause. While, to effectuate the intention of the grantor, rules of grammatical construction may be disregarded; sentences and words may be transposed; conjunctions may be substituted for each other; and "in extreme cases of ambiguity, where the instrument. as it stands is without meaning, words may be supplied" (Civil Code [1910], § 4268, par. 5), we know of no rule by which a word of everyday use and meaning, which is understood by both the learned and the unlearned, can be stricken from a deed, and another word, in daily use, and the meaning of which is equally well understood both by the learned and the unlearned, can be substituted in the place of the word so stricken, when the effect of such substitution entirely changes the meaning of the instrument or one of the vital clauses therein. With this word "his" left in the habendum clause, the meaning of the instrument is fairly clear. By it Bennett grants to his wife a life-estate in these lands, to have and to hold the same "to the only proper use, benefit and behoof of" his wife during her natural life, and then to "his heirs." This gives to the wife a life-estate in the lands, with remainder to the heirs of the grantor. This deed can be paraphrased as follows: Nevil Bennett, in consideration of the natural love he has for his wife, Susan F. Bennett, grants, gives, and conveys unto her, during her natural life, the described lands, to have and to hold the same to the only proper use, benefit, and behoof of herself for life and his heirs in fee simple. In thus paraphrasing this instrument we have added the conjunction "and" before the words "his heirs," under the rule that in cases of ambiguity words may be supplied; but the addition of this conjunction is not necessary in order to remove any ambiguity. With or without this word, the meaning of the maker is ascertainable and is free from serious doubt. Moreover, the intention of the grantor is fairly inferable from the circumstances surrounding him at the time of the execution of this deed. The grantor had been previously married, and had children by his first wife, living at the time he executed this instrument. The grantee in this deed was his second wife, by whom he had no children. His second wife had only one child. In these circumstances it is easily conceivable that the grantor might wish to make provision for the support of his living wife and her child, during her natural life; but it is not easily conceivable that his

purpose was to give this land to his wife for life and at her death to her child, to the utter exclusion of his own children. The construction of this instrument, by which an estate for life is given to the grantee and at her death to the heirs or children of the grantor, is in full harmony with the circumstances surrounding the grantor at the time he executed this deed. The construction which would give to his wife this land for life and at her death to her child, to the exclusion of the flesh and blood of the grantor, would stretch the altruism of the grantor beyond reasonable limits.

But it may be said that the covenant of warranty is to the wife, "her heirs, executors, administrators, and assigns, against" the grantor, "his heirs, executors, administrators, and assigns, and against all and every other person or persons;" and that the use of the word "her" in the warranty clause has the effect of conveying the remainder in these lands to the heirs of the wife. It is well settled that an estate can not be enlarged by the warranty clause. The covenants of a deed will not control the premises. There must be something very peculiar in the terms of such covenant to warrant such construction of the premises or the habendum as to enlarge the estate granted in the premises and habendum clauses. Deering v. Long Wharf, 25 Me. 51; Fortune v. Hunt, 152 N. C. 715 (68 S. E. 213;) Corbin v. Healy, 20 Pick. (Mass.) 514; Roberts v. Forsythe, 14 N. C. 26; Snell v. Young, 25 N. C. 379; Jordan v. Neece, 36 S. C. 295 (15 S. E. 202, 31 Am. St. R. 869); Hastings v. Merriam, 117 Mass. 245; DeGoosh v. Baldwin, 85 Vt. 312 (82 Atl. 182); 18 C. J. 334, § 331. By parity of reasoning, the estate granted in the premises and habendum of a deed can not be changed into a different estate by the covenant of warranty. It is true that the warranty clause can be resorted to in determining the intention of the grantor; but when the estate granted in the premises and the habendum is ascertainable, it can not be enlarged or changed by the language of the covenant of warranty. There is nothing in *Fletcher* v. *Horne*, 75 *Ga.* 134, in conflict with the conclusion reached as to the proper construction of this deed. In fact that case, when properly considered, upholds the construction which we put upon the deed involved in this case. In that case a deed conveyed to A. J. Baggs Jr., in trust for the use of Sarah E. Baggs, for life, certain land, with habendum to him in trust for Sarah E. Baggs

and her children.  This court held in that case that the deed conveyed a life-estate to Sarah E. Baggs, with remainder to her children.  If the grantor, in the deed construed in that case, had conveyed to Baggs in trust for Sarah E. Baggs for life, the land therein described, with habendum to the trustee in trust for her and his children, the decision in that case would have been different.

So we are of the opinion that the deed involved in this case conveyed to the grantee an estate for life, with remainder to the children of the grantor, the limitation over to his heirs meaning his children.  Civil Code (1910), § 3660.

3.  So it follows that the trial judge erred in the construction of this deed.  *Judgment reversed.  All the Justices concur.*