MENDENHALL *et al. v.* HOLTZCLAW.

No. 14876.  JULY 11, 1944.

*John H. Hudson,* for plaintiffs in error.

*Robert B. Blackburn* and *Carl F. Hutcheson,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first special ground of the motion for new trial complains because the judge instructed the jury: "In the record there is a deed dated the 12th day of December, 1931, from Lillian D. Finn to J. G. Holtzclaw, which deed has on it what is called an endorsement or quitclaim provision, or release provision, signed by Emory University to Lillian D. Finn, releasing the property described in the deed from any interest that Emory University might have in it as a result of any outstanding lien that it had upon this and other property. This release or quitclaim is not dated. Now, I think this case turns upon this single issue, to wit: Was this deed and the release contained thereon, and which deed is from Finn to Holtzclaw, delivered to Holtzclaw prior to the date of the deed from Emory University to Mendenhall, the date of that deed being the 13th day of July, 1937? If the deed from Finn to Holtzclaw, and if the release thereon, and if the same was thereon, and was delivered to Holtzclaw prior to the 13th day of July, 1937, then I charge you that the plaintiff in this case would be entitled to prevail." Exception is taken to the above charge because, as contended, it amounted to the direction of a verdict against the defendants, whereas, since the Holtzclaw deed was not recorded until 1941, the jury should have been instructed that it must be made to appear from the evidence that notice in some form was brought to the attention of the defendants before July 13, 1937. It was further contended, among other things, that the charge was not properly adjusted to the pleadings and the evidence.

The cardinal rule in construing deeds, as well as other instruments, is that "the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." Code, § 29-109; *Keith* v. *Chastain,* 157 *Ga.* 1 (121 S. E. 233); *Simpson* v. *Brown,* 162 *Ga.* 529 (134 S. E. 161, 47 A. L. R. 865). It is always competent for the vendor, in conveying to the vendee the fee in land, to except some part of the land conveyed, or to reserve to himself, his heirs and assigns, certain rights in the

land. The office of an exception is to take something out of the thing granted, which otherwise would pass. 16 Am. Jur. 607, § 298; 18 C. J. 340, § 339; 26 C. J. S. 439, § 137; *Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 830 (6) (51 S. E. 666); *Georgia Vitrified Brick & Clay Co.* v. *Georgia Railroad & Banking Co.,* 148 *Ga.* 650 (98 S. E. 77); *Grant* v. *Haymes,* 164 *Ga.* 371 (2) (138 S. E. 892).

In the case under review, Mrs. Finn, the grantor in a security deed to Emory University, conveyed a described lot to Holtzclaw, her deed to him containing an undated endorsement signed by Emory University, releasing the lot from the security deed. Subsequently, Emory University, having exercised its power of sale and taken over the property, executed a deed to Mendenhall conveying more than three hundred lots, but excepting all lots that had been released to Mrs. Finn from the lien of the security deed. In the above circumstances, it was clearly the intention of the grantor in the deed from Emory University to Mendenhall, conveying more than three hundred lots, not to convey certain lots that had been so released to Mrs. Finn. The Code, § 29-401, declares: "Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." This section is not applicable to the instant case, for the reason that the lot in dispute was not conveyed from Emory University to Mendenhall. Therefore, in so far as the lot in dispute is concerned, the parties were not claiming under a deed from the same grantor. It does not appear from the record in this case that the defendants made any inquiry of Emory University or of Mrs. Finn as to which lots had been released from the security deed. Had they done so, and found that it was impossible to discover which lots had been released, a different question might have arisen. Under the pleadings and the evidence, the court did not err, as against the defendants, in instructing the jury as complained of in the first special ground.

■ The second special ground complains of the charge: "If on the other hand, you find that the deed from Finn to Holtzclaw . . or the release from Emory University as contained thereon was delivered to Holtzclaw on or after the 13th day of

July, 1937, then in that event, the defendants would be entitled to prevail. That, and that alone, is for decision by the jury." For the reasons stated in the first division of this opinion, the court did not err, as against the defendants, in instructing the jury as set forth above.

■ The uncontradicted evidence showing that the endorsement of release was on the deed from Mrs. Finn to Holtzclaw at the time the deed was delivered to him on December 12, 1931, the evidence was sufficient to support the verdict, and the court did not err in overruling the defendants' motion for new trial.

*Judgment affirmed. All the Justices concur, except* DUCKWORTH, J., who dissents on authority of the ruling in *Archer* v. *Kelley,* 194 *Ga.* 117 (21 S. E. 2d, 51).