MITCHELL *et al. v.* SPILLERS, administratrix.

No. 16173.   April 15, 1948.

566

W. J. Wallace, for plaintiffs.

W. B. Mitchell and W. D. Aultman, for defendants.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) It is always competent for the grantor in a deed to convey the fee to another and except some part of the land conveyed or reserve to himself, his heirs and assigns, certain rights in the land. *Grant* v. *Haymes*, 164 *Ga.* 371, 377 (138 S. E. 892); *Mendenhall* v. *Holtzclaw*, 198 *Ga.* 95, 98 (31 S. E. 2d, 171). The reservation here is that the grantor shall have the rents, issues, and profits from the conveyed land for and during her natural life. This interest the plaintiff in execution contended was a life estate, whereas the claimants insisted that, even if valid, it was a mere usufruct. It is provided by the Code, § 113-805, that "An unconditional gift of the entire income of property, or interest accruing from a fund, shall be construed into a gift of the property or fund, unless the provisions of the will require a more limited meaning." In *Thomas* v. *Owens*, 131 *Ga.* 248, 255 (62 S. E. 218), it was held that a gift under a will of the income from property for life was the equivalent of a life estate. A similar ruling was made in *Sanders* v. *First Nat. Bank of Atlanta*, 189 *Ga.* 450, 452 (6 S. E. 2d, 294), and *Gilmore* v. *Gilmore*, 197 *Ga.* 303, 311 (3) (29 S. E. 2d, 74). By analogy and on principle it should be held, and we so hold, that such a reservation in a deed creates a life estate. Being a life estate it is subject to levy and sale under an execution against the life tenant. *North Georgia Fertilizer Co.* v. *Leming*, 138 *Ga.* 775 (2) (76 S. E. 95); *Armour Fertilizer Works* v. *Lacy*, 146 *Ga.* 196 (1) (91 S. E. 12).

But the claimants, who are plaintiffs in error here, assert that since the reservation clause follows the granting clause and is, as they conceive, repugnant thereto, it must yield and is rendered impotent. Whether or not it be repugnant, and although it was the old rule that of two utterly inconsistent clauses in a deed the former would prevail, yet since the adoption of the first Code the strictness of the old rule has been modified, and

substance, rather than technical nicety in the location of clauses in a deed, is controlling, the intention of the parties being now the cardinal rule of construction. *Cobb* v. *Wrightsville &c. R. Co.*, 129 *Ga.* 377, 379 (58 S. E. 862) ; *Banks* v. *Morgan*, 163 *Ga.* 468, 470 (136 S. E. 434). As stated in *Keith* v. *Chastain*, 157 *Ga.* 1 (121 S. E. 233) , *Aycock* v. *Williams*, 185 *Ga.* 585, 590 (196 S. E. 54)', and *Guess* v. *Morgan*, 196 *Ga.* 265, 269 (26 S. E. 2d, 424), "In the construction of deeds, as well as other contracts, the paramount, essential, and controlling rule is to ascertain the intention of the parties. If that intention is plain from the language of the deed as a whole, and the intention contravenes no rule of law, it should be given effect regardless of mere literal repugnancies in different clauses of the conveyance." See also *Huie* v. *McDaniel*, 105 *Ga.* 319 (31 S. E. 189) ; *Simpson* v. *Brown*, 162 *Ga.* 529 (134 S. E. 161, 47 A. L. R. 865). The intention may be ascertained by a consideration of the surrounding facts in connection with the recitals of the deed. *Stewart* v. *Latimer*, 197 *Ga.* 735, 743 (30 S. E. 2d, 633). The intention to reserve a life estate may be shown by remaining in possession of land after executing a deed of conveyance with a reservation like that here employed. *Rollins* v. *Davis*, 96 *Ga.* 107, 110 (23 S. E. 392). When, therefore, we consider that, as stipulated by the parties, the grantor has remained in possession of the lands, undisturbed by the grantees, since the date of the deed, and that, as held in *Grant* v. *Haymes* and *Mendenhall* v. *Holtzclaw*, supra, it is competent for a grantor. to convey the fee to another and reserve some right to himself in the land, certainly it can not be said that the court was not authorized to find from the deed and surrounding circumstances that the grantor intended to reserve for herself a life estate and enjoy the possession and fruits of the land, after which it should be held by the grantees in fee simple. The grantees, of course, though not signatories to the deed, are, in accepting it, bound by its terms. The court did not err in ordering the execution to proceed.

*Judgment affirmed. All the Justices concur.*