31996.   SKINNER *v.* BEARDEN.

DECIDED JUNE 18, 1948.

*C. Wesley Killebrew*, for plaintiff.

*Congdon & Harper, Pierce Brothers*, for defendants.

PARKER, J.   This is an appeal from the granting of a motion for nonsuit in a trover case. The motion was granted upon the ground that the plaintiff failed to show title to the property involved. Whether title was shown in the plaintiff depends upon the construction of the bill of sale made by the parties. It recited that it was an "agreement of bargain and sale," and for the consideration stated the party of the first part (the plaintiff) "doth by these presents, bargain, sell and convey" to the parties of the second part (the defendants) the property described. The consideration was partly in cash with deferred payments at the rate of $125 per month. The bill of sale then contains this paragraph: "To have and to hold each and

all of said personal property unto the said parties of the second part and to their heirs and assigns in fee simple forever. The title to said property is fully warranted. It being understood by all present, that in the event said notes are paid according to their true intent and tenor and meaning then and in that event this agreement of bargain and sale shall operate to convey the full and complete title to the within described personalty unto the said parties of the second part and not otherwise." The bill of sale was signed by the plaintiff and the defendants. A. C. Bearden, one of the two defendants sued, filed an answer claiming the property and defended the action alone.

Two questions are presented in this court. Did the contract of sale retain title to the property in the plaintiff until the purchase price was paid? Counsel for the defendant cite no authorities in their brief on this question, but they do contend that the bill of sale did not retain title in the plaintiff. If it did, the non-suit was improperly granted unless for some other reason the plaintiff failed to make out a case. Was the failure of the plaintiff to deliver the unpaid notes for the deferred payments to the defendant, or to sufficiently account for them, fatal to his right to recover in trover? This last question is made here although it was not made in the court below.

"The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it should be enforced, irrespective of all technical or arbitrary rules of construction." Code, § 20-702. "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, shall, if possible, be ascertained and carried into effect." Code, § 29-109. Many authorities could be cited to the effect that the paramount, essential and controlling rule is to ascertain the intention of the parties in the construction of contracts, as stated in Keith v. Chastain, 157 Ga. 1 (121 S. E. 233). The contract was admittedly poorly drawn. This alone would not defeat its purpose if the parties intended that the plaintiff retain title until the purchase-money was paid. "However unskillfully a deed may be prepared, it is the duty of the courts to discover and give effect, if possible, to the intent of the parties." McCraw v.

*Webb*, 134 *Ga.* 579, 581 (68 S. E. 324). "The trend of the modern authorities is toward the restriction of the rule that where there are 'two utterly inconsistent clauses in a deed the former must prevail', and each part of a deed is given effect if possible. The cardinal rule in the construction of a deed is to ascertain the intention of the parties." *Harmon* v. *First National Bank,* 50 *Ga. App.* 3 (176 S. E. 833). "One of the most important rules in the construction of deeds is to so construe them that no part or words shall be rejected. The courts lean to such a construction as reconciles the different parts, and reject the construction which leads to a contradiction." *Simpson* v. *Brown,* 162 *Ga.* 529 (1) (134 S. E. 161, 47 A. L. R. 865). Of course, a deed or other contract should be construed as a whole, and in its entirety, in order to find the true intention of the parties. *Lucas* v. *Lucas,* 171 *Ga.* 806 (156 S. E. 680, 76 A. L. R. 737); *Sinclair Rfg. Co.* v. *Reid,* 60 *Ga. App.* 119 (3 S. E. 2d, 121).

If the rule that the former of two utterly inconsistent clauses in a deed shall prevail over the latter (Code, § 29-109) is applicable to this bill of sale, and if the clauses in it are "utterly inconsistent," within the meaning of that rule, we still think that the parties understood and intended that the seller would retain the title until the purchase-money was paid. The paragraph quoted from the contract makes it reasonably clear that the parties understood and intended that the bill of sale would take effect and operate to convey title to the purchaser when the purchase-price was paid. The words "and not otherwise" indicate that no title would pass to the purchaser until full payment by him. In our opinion the authorities cited above require this construction of the contract.

■ We think the motion for nonsuit was properly granted because the plaintiff did not surrender or account for the unpaid notes given by the defendant as a part of the purchase-price. The bringing of a trover suit for the recovery of the property, where the title has been retained by the seller until the property is paid for, is in effect a rescission of the contract. The seller must account to the buyer for any notes given for the purchase money still outstanding when the contract is rescinded. This rule of law is well established in this State. In *Tidwell* v. *Burkett,* 81 *Ga.* 84 (6 S. E. 816), it was held that the bringing of the

action in trover was equivalent to a rescission of the whole contract, and the plaintiff had no right to recover the value of property before he had delivered up the note given for the purchase of the property. In *Moultrie Repair* v. *Hill,* 120 *Ga.* 730 (4) (48 S. E. 143); is this holding: "When the plaintiff elected to bring a suit in trover for the recovery of the property, this was in effect a rescission of the contract contained in the note, and the plaintiff was not entitled to recovery until the note had been surrendered or a sufficient reason given for its non-production. . . The plaintiff was not entitled to recover in the action of trover until it was shown that the defendant would incur no risk of liability on account of the note." In *Venable* v. *Young,* 137 *Ga.* 375 (73 S. E. 633), it was held that where the obligation to pay and the stipulation retaining title were in the same instrument, it was not necessary that it should appear that the seller had surrendered up the writing containing the evidence of his title before bringing the suit in trover; but he should be in possession of the writing at the time of the trial, or sufficiently account therefor.

It appears from the bill of sale that notes were given to the plaintiff for the deferred payments. Although the bill of sale was in court and was introduced in evidence by the plaintiff, the record shows no reference whatever to the notes held by the plaintiff. The fact that the bill of sale was in court would not be sufficient, in our opinion, to comply with the rule requiring the production or satisfactory accounting for the notes. The plaintiff has cited *Guilford Wood & Co.* v. *McKinley,* 61 *Ga.* 230, and *Ross* v. *McDuffie & Armstrong,* 91 *Ga.* 120 (16 S. E. 648). Neither of these cases is contrary to our ruling herein. The first case holds only that the plaintiff is not required to tender back the part paid on the purchase-price, such payments going in mitigation of damages; and the latter states the proper amount that may be recovered in a trover action based on a contract retaining title. Neither of these cases deals with the exact question in this case. *Judgment affirmed. Sutton, C. J., concurs.*

FELTON, J., concurring specially. I think this is a case where Code, § 29-109 applies. While this rule is never applied except as a last resort there is nothing in this case which could obviate the necessity of applying the rule. The two provisions in ques-

tion are utterly inconsistent and there is no other provision in the contract which justifies this court in selecting one provision as the predominant intention of the parties in preference to the other. Under the above rule I think the title passed under the conveyance.