## 51769. OAK CREEK DEVELOPMENT CORPORATION et al. v. HARTLINE-THOMAS, INC. et al.

MARSHALL, Judge.

This is an appeal from a jury verdict and judgment for $28,819.90 in favor of Hartline-Thomas, plaintiff below, arising out of the breach of a construction contract. Appellants are owners and builders of Oak Creek Apartments, a substantial apartment complex. They entered into a written contract with Hartline-Thomas, a painting contracting firm, to affix a special epoxy exterior coating to the several apartment buildings. Hartline-Thomas, as an authorized applicator only, undertook to coat the buildings "in a workman-like manner in compliance with the manufacturer's recommendations and with a sample panel submitted to the [appellant]-owners." The work was to be in accordance with drawings and specifications, building codes and regulations, "and to the satisfaction of the owners." The contract called for a total payment of $192,900.

Hartline-Thomas alleged it had substantially completed the required work, and the appellants had paid $164,000 for work completed and accepted. A dispute arose as to whether substantial cracking and peeling of the exterior coating was caused by the negligent work of Hartline-Thomas in applying the epoxy coating or was caused by inadequate architectural design and failure of appellants to furnish buildings with stable surfaces that were not subject to movement and water exposure. Both parties are in agreement that the finished product is not in an acceptable condition and that damage to the coating was caused by water coming between the wood surface and the exterior epoxy coating. After effecting considerable repair work, Hartline-Thomas refused to repair further and made demand for final payment.

In its original suit, Hartline-Thomas sued for the difference between the $164,000 already paid by the owners and the $192,900 contract price. Thereafter, because appellants had insisted on substantial corrective

efforts, Hartline-Thomas amended its complaint to seek an additional $31,000 for "extras" performed at the request of appellants. Appellants filed a counterclaim for $326,109.52 for breach of contract, seeking damages for the cost of placing the apartment buildings in a suitable condition as well as a return of the $164,000 paid to Hartline-Thomas under the contract. The jury returned a verdict for Hartline-Thomas for $28,819.90. Appellants appeal from the judgment entered thereon, enumerating six alleged errors. *Held:*

1. In three enumerations appellants allege the trial court erred in denying a motion for a directed verdict at the close of the plaintiff's case and again at the close of all evidence and for judgment notwithstanding the verdict or alternatively granting a new trial. Appellant assigns three grounds as support for these enumerations: (a) that the work was not done to the satisfaction of the owners; (b) that Hartline-Thomas never completed its contractual obligation; and, (c) that the verdict is against the weight of the evidence. As to the last enumeration, appellants neither argue nor cite any authority in support thereof; consequently this third ground for the enumerated error is considered as abandoned. Rule 18(c)(2), Rules of the Court of Appeals of the State of Georgia.

(a) Appellants first complain that they were strongly dissatisfied with the work performed by Hartline-Thomas, though there is no contention that the epoxy coating was not mixed or applied in accordance with the manufacturer's recommendations or that the coating methods used were different than those used to coat the sample submitted to appellants. The complaint was that the coating was lacking water-tightness, was cracking and peeling, and was unsightly. Since the contract called for the work to be performed "to the satisfaction of the owners," it was contended that since the owners were dissatisfied, Hartline-Thomas breached the express terms of the written contract. However, when read as a whole, the contract also required Hartline-Thomas to apply the materials in a workman-like manner in compliance with the manufacturer's recommendations and the sample submitted to appellants.

A controlling rule of construction requires us to construe the different parts of a contract so that no part or words shall be rejected. We will lean to the construction that reconciles the different parts, and reject the construction which leads to a contradiction. *Simpson v. Brown,* 162 Ga. 529 (1) (134 SE 161, 47 ALR 865); *Skinner v. Bearden,* 77 Ga. App. 325, 326 (48 SE2d 574). Reading the provisions of the contract together, appellants could demand that the work be done in compliance with the manufacturer's recommendation and to the same standards of workmanship manifested by the panel submitted as a sample of the process. They were entitled to be satisfied that the work was performed to these standards. However, appellants could not demand the work be done to their satisfaction in disregard of the other performance requirements of the contract. Such a construction renders the contract ambiguous. Since the contract was prepared by appellants, it will be construed most strongly against them. *Howkins v. Atlanta Baggage &c. Co.,* 107 Ga. App. 38 (129 SE2d 158).

The basic difference between the parties was whether the breakdown of the exterior coating was caused by the negligent performance of Hartline-Thomas in its application or by the negligence of the appellants in presenting buildings for coating that inevitably would cause the coating to break down. This issue, including the right of appellants to demand satisfactory work under the terms of the contract, was submitted to the jury, together with clear and adequate principles of law in the charge of the court. The issue was resolved against appellants. While the evidence does not demand such a result, the record supports the verdict of the jury placing ultimate responsibility upon appellants for the breakdown of the exterior coating and the resultant damages to the buildings. Necessarily included in that verdict was the jury's conclusion that Hartline-Thomas had satisfactorily performed its obligations under the contract. We will not disturb that determination. *Blalock v. Staver,* 132 Ga. App. 628 (208 SE2d 634).

(b) The second ground advanced by appellants as a basis for a directed verdict, judgment notwithstanding the verdict, or new trial was that Hartline-Thomas never

completed its contractual obligation, and thus breached the contract. This contention arises out of the fact that the exterior coating continued to crack and peel over the entire period of the performance of the contract. Hartline-Thomas went back and attempted repair of the cracking and peeling until it concluded that such cracking and peeling was not the result of improper application. Thereafter, Hartline-Thomas refused to continue such repair work. Appellants contend that since Hartline-Thomas was required to apply the coating to its satisfaction, the contractor's refusal to repair the obvious defects in the coating constitute a refusal to complete the contract and resulted in a breach thereof.

On the other hand, the transcript contains clear references by witnesses for both parties that all buildings were coated and it was only the efforts at repair that were discontinued by Hartline-Thomas. The jury was presented with the issue of whether Hartline-Thomas had completed its part of the contract. By its verdict, the jury manifested its belief that Hartline-Thomas had substantially performed its obligation under the contract. Since there is sufficient evidence to support this finding, the verdict should be affirmed on appeal. *Hutchinson v. Tillman,* 133 Ga. App. 660 (211 SE2d 912).

2. In its third and fourth enumerations of error, appellants complain that the trial court misled the jury by charging the jury to consider the possible existence of an implied contract and a concomitant implied promise to pay for extras performed by Hartline-Thomas in repairing the epoxy-based exterior coating. It is without dispute that the agreement between the parties was manifested by an express written contract with specific provisions dealing with extras. Appellants complain that the contract could not be modified by evidence of an oral or implied contract nor could Hartline-Thomas recover upon a theory of quantum meruit.

We note that in its original complaint, Hartline-Thomas prayed for damages of $28,819.90, constituting the difference between the sums paid by appellants for work performed and the total contract price. In its amended complaint, Hartline-Thomas asked for an additional $31,000 for extra work performed. The

jury received explicit instructions on both subjects. The jury returned a verdict for Hartline-Thomas in the amount of $28,819.90, the exact sum prayed for based upon an alleged breach of the express written contract. There is no indication that verdict was concerned in any degree with an implied contract based on extras. Assuming an erroneous charge upon an implied contract and an implied promise to pay for additional work, the alleged error was rendered harmless or mooted by the jury's award of damages incurred only under the written contract. *Endicott v. Glynn County,* 235 Ga. 667 (221 SE2d 431).

3. In its final enumeration of error, appellants assert that the general verdict returned by the jury against appellants was irregular and cannot stand because Hartline-Thomas never established a lien against the property or the owners thereof and the court erred in entering a personal judgment against the owners, citing *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652 (56 SE2d 841). That case established the rule that in the absence of any contractual relationship between the owner and a materialman, it is error to enter a personal judgment against the owner as opposed to a judgment in rem.

That case is inapposite. Though Hartline-Thomas was a materialman and had recorded a lien against the property for work performed and materials furnished, it also was in a direct contractual relationship with appellants. The original complaint sought to enforce the contract and not to establish a lien. The cross complaint sought to recover damages for breach of contract, negligence and breach of warranties. The parties are bound by the allegations and admissions of the complaint and cross complaint. *New Zealand Fire Ins. Co. v. Brewer,* 29 Ga. App. 773 (6) (116 SE 922). There was no error in the jury's general verdict nor in the trial court's entry of judgment upon that verdict.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED MARCH 11, 1976.

*Swift, Currie, McGhee & Hiers, Glover McGhee,* for appellants.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr., John V. Skinner, Jr., John M. Sikes,* for appellees.