, 52621. JOHNSON v. MADDOX et al.

CLARK, Judge.

This appeal requires our court to construe a deed respecting title to land.

We have jurisdiction under the ruling in *Kinnon v. Mercer,* 222 Ga. 309 (149 SE2d 685). There our Supreme Court held that it "does not have jurisdiction of an appeal where the only relief prayed in the case is the construction of a deed and declaratory judgment as to whether it conveys a fee simple estate or a life estate."

The document here involved was prepared on a printed warranty deed form with the blanks filled in holographically. Dated May 31, 1928, the grantor, mother of the grantee, conveyed to her daughter two separate tracts in the town of Flovilla. One tract constituted the home place and included its contents. The other tract was a vacant lot of three acres.

We quote pertinent parts from the document with the handwritten portion being underlined: "do*es* grant, bargain, sell and convey unto the said part*y* of the second part —— heirs and assigns [the two described tracts]. *At the death of said party of the second part should she die then it is agreed & understood said property is to be divided share & share alike among my children under the laws of the State.*

"To Have And To Hold, the said bargained premises, together with all and singular the rights, members and appurtenances thereof, to the same being, belonging or in anywise appertaining, to the only proper use, benefit and behoof of *Nellie Ina Gardner* the said part*y* of the second part, —— heirs and assigns forever in Fee Simple." As indicated, the printed word "heirs" was stricken in two places by ink.

The document was not filed for record until October 1, 1936, which was after the grantor's death on March 12, 1936. The grantee was not married either at the time the deed was executed in 1928 nor at the date of its recordation in 1936. Three years later, in 1939, the grantee-daughter married appellant. The couple was living in the residence at the time of her death. The grantee was the last of the grantor's six children and died

without children, leaving the defendant-appellant husband as her sole heir in which capacity he claims title.

Plaintiffs below are the grandchildren of the grantor. They instituted a declaratory judgment action claiming title as tenants in common as the lineal descendants of the grantor's deceased children. Their contention is that the deed conveyed only a life estate to the grantee.

Both plaintiffs and defendant moved respectively for directed verdicts. The trial judge denied the defendant widower's motion and granted that of the plaintiff grandchildren. This appeal followed. *Held:*

"In the construction of deeds the paramount, essential, and controlling rule is to ascertain the intention of the parties." *Mitchell v. Spillers,* 203 Ga. 565 (1) (47 SE2d 564). The factual circumstances existing between the grantor and grantee in 1928 when the deed was executed must be considered. Furthermore, an important key in ascertaining the intentions of the parties to the document is the fact that the printed word "heirs" in the deed form was marked through in two places. This and the attendant circumstances support the contention of the grandchildren that the intention of the grantor was to provide a home for her unmarried daughter but specifically indicated that the daughter's heirs would not possess any interest in the property.

The grandchildren cite and rely upon *Crews v. Crews,* 174 Ga. 45 (162 SE 107) as controlling. The language appearing in the deed in that case is similar to that in the document before us. The Supreme Court ruled there that the language used created a life estate with remainder over to the heir of the deceased remaindermen.

As that citation is a binding precedent upon this court and conforms to the intention of the parties to the document, the judgment below is affirmed.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

Submitted September 21, 1976 — Decided September 28, 1976.

*Alfred D. Fears, Floyd M. Buford,* for appellant.
*Garland & Garland, Benjamin B. Garland, Guy B. Scott, Jr.,* for appellees.